## SHIPPEN *v.* TANKERSLEY.*

### (*Circuit Court, D. Colorado.* June, 1882.)

**1. ACTIONS EX DELICTO AND EX CONTRACTU.**

The distinction between actions founded in contract and those founded in tort is, in general, very clearly defined. If the cause of action is a wrong, with a resulting injury, the action is *ex delicto.* The sale of forged bonds, with a knowledge of the forgery, is a tort dependent upon a contract, and a suit to recover the consideration paid may properly be maintained, either as an action *ex delicto,* for the breach of duty, or as an action *ex contractu,* for the breach of contract.

**2. SAME — COMPLAINT — STATUTE OF LIMITATIONS — SECTIONS 1671 AND 1686, GEN. LAWS COLORADO.**

Allegations in a complaint that the defendant agreed to sell and deliver to plaintiff for $8,000 *paid,* certain bonds, but instead of delivering said bonds delivered forged imitations thereof, knowing that the bonds so delivered were not genuine, but forgeries, are sufficient, in a suit to recover the money so paid, to constitute an action *ex delicto,* and such action may be brought within six years, under the provisions of section 1671 of the General Laws of Colorado; section 1686 applying only to actions *ex contractu.*·

Demurrer to answer.

*Harman & Ellis,* for plaintiff.

MCCRARY, C. J. This case is before the court on demurrer to the second paragraph of defendant's answer to the amended complaint, which raises the question whether the cause of action is barred by the provisions of section 1686 of the General Laws of Colorado. That section is as follows:ʹ

"It shall be lawful for any person against whom any action shall be commenced in any court of this state, where the cause of action accrued without the state upon contract or agreement, express or implied, more than two years before the commencement of the action, * * * to plead the same and give the same, in bar of the plaintiff's right of action."

That the cause of action sued on in this case accrued without the state, and more than two years before the commencment of the action, is admitted. The question is whether it is a cause of action accruing "upon a contract express or implied." In order to determine this question it is necessary to examine the allegations of the complaint and amended complaint, and to determine therefrom whether the action is *ex contractu* or *ex delicto.* The substance of the original complaint is that the defendant agreed to sell and deliver to plaintiff, for $8,000 paid, certain bonds of the county of Clark, in the state of Arkansas; but, instead of delivering such bonds, he fraudulently pretended to comply with his said agreement by delivering to

---

*Reversed. See 7 Sup. Ct. Rep. 1283, *sub nom.* Shippen v. Bowen.

plaintiff certain printed and written sheets of paper having the semblance of, and purporting on their face to be, such bonds, which papers defendant falsely and fraudulently warranted to be the genuine and sealed bonds of said county, and plaintiff, relying upon such representation and warranty, accepted said bonds, believing them to be genuine. It is further alleged that said county never received any consideration to authorize the issuance of said obligations, and that said bonds were fraudulently and secretly made, executed, and uttered outside of the state of Arkansas, long subsequent to their ostensible dates, by persons pretending to act as officers of the county of Clark, when they did not hold such offices in fact or in law, and said bonds were by said persons fraudulently antedated; that the bonds were sealed with fraudulent and fictitious seals, manufactured and procured for such purpose; that said bonds had been materially altered, at the special instance and procurement of the defendant; that said pretended bonds were not duly registered according to law, and that defendant induced and procured what purported to be a registration by false and fraudulent means; that by reason of these facts the pretended bonds were false and spurious forgeries; that defendant knew all the foregoing facts at the time of the sale and delivery to plaintiff.

The amended complaint charges more in detail the forgery and fraud relied upon.

The distinction between actions founded in contract and those founded in tort, is, in general, very clearly defined. If the cause of action is a wrong, with a resulting injury, the action is *ex delicto*. It can scarcely be doubted that the sale of forged bonds, with a knowledge of the forgery, is a tort, and that a suit to recover the consideration paid may properly be maintained as an action in tort.

It is insisted that the complaint shows a tort dependent upon contract, and that therefore the action must be *ex contractu*. The rule is, however, in such cases that the action may be either *ex contractu*, for breach of contract, or *ex delicto*, for the breach of duty. Addison, Torts, § 27. If, therefore, it be conceded that this is a case of tort dependent upon contract, the action is not barred if the complaint states a case in tort, and we think it does. The allegations that the pretended bonds were false, fraudulent, and forged, and that the defendant well knew that such was the fact when he sold them to plaintiff, constitute the main cause of action as set out in the original complaint, the other allegations being evidently introduced rather as inducement or as part of the history of the transaction. At all events, the original complaint does contain in substance the aver-

ments necessary to constitute an action for the tort, and if it be true that the form of the pleading was objectionable, in that it contained other allegations sounding in contract, it is clear that this circumstance cannot avail the defendant.

The original complaint, considered as a complaint in an action *ex delicto*, was sufficient to stop the running of the statute of limitations from the time of its filing, and it has since been perfected as to form by the amended complaint.

In *Elgee* v. *Lovell*, 1 Woolw. 102, a suit in detinue to recover 275 bales of cotton unlawfully seized by the defendant was held to be an action in tort. It was said in that case by Mr. Justice Miller that there are authorities holding that the action of detinue is sometimes treated as an action on contract, and he added that "the allegations of the declaration set out in words a contract of bailment." He said, however, that such actions are often brought in tort, and continued: "We think it would be straining the technical point beyond its just use to hold the plaintiff to the literal words of his declaration." He further said: "It being clear, from all that appears in this case, that the suit is grounded on a tortious seizure by the defendant of the property mentioned, we will not hold, on this demurrer, contrary to the fact that the plaintiff has sued on a contract, because by the forms of pleading he has been compelled to use a fictitious form."

This ruling fully commends itself to our judgment, and it applies with peculiar force to this case. We can plainly see, from the allegations of the complaint, and assuming their truth, that the present suit is grounded on the tortious acts of the defendant, and we are asked, upon consideration of this demurrer, to shut our eyes to this fact, because some of the allegations of the original complaint are such as might be employed in declaring upon an implied contract. And we are asked to do this for the purpose of enabling the defendant to plead the bar of the statute of limitations—a defense not to be specially favored by the courts.

We hold that the section above quoted does not apply to the present action.

There has been some discussion of the question, what provision of the statute of limitations does apply; but we are clearly of the opinion that the case falls within the actions described in the subdivision of section 1671, to-wit, "All other actions on the case, except actions for slanderous words and for libels," and may therefore be brought within six years.

Although the statute of this state has abolished the distinctions of the common law as to the forms of actions, yet the words "actions on the case," as used in this statute, must have a meaning, and we understand them to refer to the nature of the action as it existed at common law, and not merely to the form. It requires that, with some exceptions, all actions which, at common law, would have been actions on the case, shall be brought within six years.

The demurrer to the said second paragraph of the answer to the amended complaint is sustained.

The same order will be made in the case of *Shippen* v. *Bowen*, where the same questions arise.