## DITTMAR v. FREDERICK STARR CONTRACTING CO.

(Circuit Court of Appeals, Second Circuit. January 16, 1918. On Rehearing, February 25, 1918.)

### No. 124.

1. SHIPPING ⬦62—CHARTER OF DEMISE—SCOW WITH MASTER.

    The master of a scow, demised with the master, represents the owner in such particulars as making the lines fast.

2. EVIDENCE ⬦417(9)—CHARTER—PAROL EVIDENCE TO SUPPLEMENT.

    It is not a contradiction of a written charter of a scow for service in and about New York Harbor to show a parol agreement that, in case she was taken out of the harbor, the charterer should insure her for the benefit of the owner.

3. SHIPPING ⬦58(2)—PLEADING.

    That a libel describes the cause as one for damages is not conclusive that the suit is in tort; and where a libel by the owner against a charterer sets out the contract, and alleges acts which constitute a breach, the suit may be considered as one on contract, although such acts were also acts of negligence.

4. SHIPPING ⬦54—INJURY TO VESSEL—LIABILITY OF CHARTERER.

    A time charterer of a scow, which contracted to insure her for the owner's benefit whenever taken out of New York Harbor, but which obtained a waiver of such requirement for an outside trip, on a promise to assume all risks and be responsible for any injury to the scow, became in effect an insurer, and liable for an injury to the vessel on the trip to the same extent that a marine insurer would be.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in admiralty by William D. Dittmar, owner of the scow John J., against the Frederick Starr Contracting Company, with the Elliott C. Brown Company impleaded. Decree for libelant, from which the Brown Company appeals. Modified and affirmed.

For opinion below, see 235 Fed. 263.

Graves, Miles & Yawger, of New York City (Charles S. Yawger, of New York City, of counsel), for appellant.

Alexander & Ash, of New York City (Peter Alexander, of New York City, of counsel), for appellee Dittmar.

Harrington, Bigham & Englar, of New York City (T. Catesby Jones, of New York City, of counsel), for other appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. The libel alleges that William D. Dittmar chartered the scow John J., including the master, to the Frederick Starr Contracting Company for one year; the Starr Company agreeing to return the scow in the same condition as when received, ordinary wear and tear excepted, also by an oral agreement to cover her for the benefit of Dittmar with insurance against marine perils whenever taken out of New York harbor.

[1] The charter was a demise, but the master, as we have often held, represented the owner in such particulars as making the lines

fast. Dittmar testified that in December, 1913, the Starr Company sent the scow outside of the harbor to Oyster Bay with a cargo of sand and gravel, to be delivered to the Elliott C. Brown Company, in pursuance of a telephone conversation between himself and Mrs. Starr that, in consideration of the waiving of the insurance by him, the Starr Company would assume all the risks and be responsible to him for injuries to the scow. This relieved the Starr Company from payment of the insurance premium.

[2] The answer denied that any such conversation took place. While there was nothing said on the subject in the correspondence by virtue of which the scow was chartered, it was not a contradiction of the writing to show that the understanding of the parties was that the scow was not to be taken out of the harbor limits, except upon the owner's consent and the payment of the premium of insurance by the charterer.

Dittmar testified that under this charter the Starr Company had on several previous occasions asked and obtained his consent to take the boat beyond the harbor limits and had paid for the insurance. The respondent does not satisfactorily meet this testimony. Starr does not deny the previous course of dealing, but only says that neither he nor any one in his office had any conversation with reference to any insurance on this boat on any trip to Oyster Bay. But we are convinced by Dittmar's testimony on the subject, in view of the uncontradicted practice on former occasions, as well as of the fact that Mrs. Starr was not examined as a witness.

January 2, 1914, at about 2:30 p. m., the scow was moved from the wharf at Oyster Bay by the Brown Company to a mooring buoy, and lines made fast. The wind gradually increasing, the scow dragged the anchor during the night and until 4 p. m. of the 3d, when the anchor held, but at 10 p. m. the hawser parted and the scow stranded.

Dittmar filed this libel to recover the damages so sustained against the Starr Company, which brought in the Brown Company under the fifty-ninth rule in admiralty (29 Sup. Ct. xlvi). The Starr Company defends on the ground that the master was incompetent and that the scow was moored to an insufficient mooring by the Brown Company. The Brown Company defends on the ground that the mooring was sufficient, but that the master allowed the scow to be made fast to it on too short a hawser, which for that reason parted in the high wind.

The trial judge held that, though the charter party was a demise, the master of the boat was the agent of the owner, so far as making fast to the mooring buoy was concerned; that the hawser was apparently sufficient; that the mooring anchor was insufficient, for which the Brown Company was responsible, for whose acts the Starr Company, the charterer, was responsible to Dittmar. He directed a decree for Dittmar for half damages and costs against the Brown Company primarily, and against the Starr Company secondarily. The Brown Company alone appealed, but at the hearing Dittmar contended that he should recover his full damages, while the Starr Company contended that any recovery by him should be against the Brown Company.

[3] The libel was filed "in a cause of damage civil and maritime." The trial judge thought that there was an effort to combine in the same

pleading a cause of action in tort with causes of action in contract. To determine this the whole libel must be looked at. The mere description of the cause as one for damages is not conclusive that the suit was in tort. The libel set forth the contract of chartering to the Starr Company and the contract of the Starr Company indemnifying the owner against injury to the boat when taken out of New York Harbor. So far as it alleges faults, it does so in connection with the contracts, and not as pure torts ex delicto. We think that the cause may be considered as one in contract. Shippen v. Tankersly (C. C.) 13 Fed. 537; The Queen of the Pacific (D. C.) 61 Fed. 213, 216; Austin v. Rawdon, 44 N. Y. 63; 1 Corp. Jur. 1013.

Though the mooring anchor did drag at first, it finally held the scow, and the proximate cause of the injury was the parting of the hawser, due to the failure of the master to secure the boat by a sufficient length of line. This could have been done by attaching one of the scow's lines to the mooring buoy, instead of lifting the buoy on deck and making fast the hawser attached to the scow's bitts. Thus a safe lead would have been given and undue chafing in the chock prevented. The scow was light and very high out of the water at the bow.

[4] This fault of the master would be no defense to a marine underwriter, and if the Starr Company had covered the scow with insurance in accordance with its contract, Dittmar could have recovered his damages under the policy. We think it was likewise no defense to the Starr Company, whose agreement to assume all risks and be responsible for injury gave it the character of a marine insurer. Relief to it from payment of the usual insurance premium and waiver by Dittmar of his right to insurance were sufficient considerations for the promise.

The libelant has a right to recover in full from the Starr Company, and there is no liability upon the part of the Brown Company. The court below is directed to enter a decree for damages and costs in favor of the libelant against the Starr Company, and in favor of the Brown Company for costs of both courts against the Starr Company. So modified, the decree is affirmed.

## On Rehearing.

PER CURIAM. We see no reason for changing our original opinion.