MARY E. HILLYER *vs.* THE BOROUGH OF WINSTED.

First Judicial District, Hartford, October Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A borough charter provided that all claims against it should be presented to, and passed upon by, the warden and burgesses, and that the warden should not draw any order for any claim, except judgments, unless approved of by such board. *Held* that neither expressly nor by implication was such a presentation of a claim made a condition precedent to bringing suit upon it.

Parties cannot be permitted to waste the time of courts by the repetition in new pleadings of claims which have already been set up on the record and overruled.

Whether a demurrer was properly sustained or not is immaterial, provided the same question was correctly disposed of after a full and final hearing of all the facts.

The defendant's charter (12 Special Laws, p. 763) gave its warden and burgesses "control of all sidewalks, cross-walks, and foot-paths in the streets of the borough, but not of the construction and repairs of the highways;" and empowered them to order land-owners abutting upon the borough streets to make and repair such walks, along their respective fronts, as the warden and burgesses might designate and direct. *Held :—*

1. That the exclusion of the borough authorities from any control of the construction and repairs of the highways, referred merely to such parts of them as might not be used for sidewalks.

2. That the power thus conferred over sidewalks was exclusive, and carried with it the commensurate duty of maintenance and repair, a duty which was not limited to such sidewalks as the defendant itself had established, but extended to all sidewalks necessary for public convenience, whatever their origin.

3. That for a neglect of its duty to repair the defendant was liable, under General Statutes, § 2020, to the plaintiff, a pedestrian who was injured by a defect in the sidewalk.

Hillyer v. Winsted.

A strip of the highway fashioned for convenient use as a footpath and intended especially for the benefit of pedestrians is a sidewalk, although it is not separated from the residue of the highway by any curb, gutter, or other dividing line.

The plaintiff introduced evidence that the sidewalk in question had been constructed years ago, and that it extended a considerable distance in either direction from the place of the accident; also that the defendant had posted notices on the street warning bicyclists not to ride on the sidewalks of the borough in violation of law. *Held* that the evidence was admissible as tending to prove the borough's knowledge of the existence of the walk.

The complaint alleged that the plaintiff's leg was broken, her side bruised and strained, that she had sustained a severe nervous shock, and had suffered and still suffered great pain. *Held* that these averments were broad enough to justify evidence that the muscles and ligaments of her back were stretched and sore, and that there was spinal irritation resulting from a sprain of the back.

Argued October 5th—decided November 11th, 1904.

ACTION to recover damages for personal injuries resulting from a fall upon an alleged defective sidewalk, brought to the Superior Court in Litchfield County, where a demurrer to the complaint was in the main overruled (*Ralph Wheeler, J.*) and one to a portion of the answer was sustained (*Roraback, J.*), and the cause was afterwards tried to the jury before *Roraback, J.*; verdict and judgment for the plaintiff for $5,000, and appeal by the defendant. *No error.*

*Charles E. Perkins* and *Samuel A. Herman*, for the appellant (defendant).

*Wellington B. Smith* and *Frank B. Munn*, for the appellee (plaintiff).

BALDWIN, J. Section 45 of the defendant's charter (12 Special Laws, p. 769) provides that "all claims against the borough shall be presented to, and passed upon by, the warden and burgesses of said borough; and the warden shall not draw any order for any claim, except judgments, unless approved of by said board."

The complaint was not demurrable because it did not al-

lege that the plaintiff's claim for damages was so presented. The object of the section evidently was to prevent the warden from drawing orders to pay claims which had not been brought before the burgesses. Presentment to him and them was not expressly made a condition precedent to bringing suit upon them, and in view of the exception as to judgments, no such condition can be implied.

Nothing else was assigned as cause of demurrer which was not also the subject of objections taken upon the trial to the jury; and these can better be considered in connection with the exceptions to the charge. *Mechanics' Bank* v. *Woodward*, 74 Conn. 689.

That part of the answer which set up the omission to present the plaintiff's claim to the warden and burgesses was properly expunged. As to that point the defendant had already been heard. Parties cannot be permitted to waste the time of courts by the repetition in new pleadings of claims which have been set up on the record and overruled at an earlier stage of the proceedings. The residue of the second defense, which was adjudged insufficient, was merely an amplification of the denial, in the first defense, of the plaintiff's averment that the defendant was bound to keep the sidewalk in question in repair. The facts as to this point, also, were more fully brought out on the final hearing, and as then presented showed that this defense could not be maintained. No injury was therefore done to the defendant by this ruling on demurrer, and it is unnecessary to inquire whether it was technically correct.

Section 26 of the defendant's revised charter (12 Special Laws, p. 763) provides that "the warden and burgesses shall have control of all sidewalks, crosswalks, and footpaths in the streets of the borough, but not of the construction and repairs of the highways." They are also "empowered . . . to designate, alter, fix, and establish the width, course, height, grade, and level of the sidewalks, crosswalks, footpaths, and curblines in said borough, and to order the owner or owners of lands or buildings fronting upon highways and streets in said borough to make such walks on their several fronts ac-

Hillyer v. Winsted.

cording to the width, height, and grade designated as aforesaid, also to curb, flag, and pave the same on such line, in such manner and place, and with such material as the warden and burgesses . . . shall direct; and also to order such owners to provide and erect such railings or guards along the sidewalks in front of their premises as public safety may require; and also to order any such proprietor to repair his sidewalk, curb, guard or railing, as aforesaid, when such repairs shall be necessary to be done, within such time and in such manner as said warden and burgesses . . . may designate and direct;" and "to pass ordinances requiring the building of sidewalks, as aforesaid, including the curbing thereof, and the proper care of the same." Section 27 reads thus: " All crosswalks (walks crossing any alley, turnpike, or highway), and such portion of any sidewalk as shall cross Mad river, Still river, or such other bodies of water or streams, or over or under any railroad, that have by said borough been laid out, built, and constructed, or that shall by said borough be laid out, built, and constructed, shall be built, repaired, and replaced, and kept free from snow, ice, and rubbish at the expense of said borough."

While a sidewalk constructed on a highway is part of the highway, it is a separable part of it, intended especially for the use of pedestrians. The town of Winchester, a part of the territory of which is occupied by the borough of Winsted, is charged by the General Statutes, § 2013, with the repair of all its highways, " except where such duty belongs to some particular person." The provision of the defendant's charter, giving it " control " of all sidewalks within its limits, necessarily excluded their control by any other authority. The power of establishing or altering them was taken from the town when it was committed to the borough. It could not be exercised concurrently by both these municipal corporations, without risk of serious inconvenience to the public from conflicting orders. The same considerations apply to repairs. The most important element in the control of an established sidewalk is the direction of its maintenance in proper condition. To secure this effectually,

the control must be confided to a single authority. The exclusion, in § 26, of the borough authorities from any control of the construction and repairs of the highways must be construed, therefore, to refer to such parts of them as might not be used for sidewalks.

The borough had existed for a long period of years before this revision of its charter took effect. Section 27 shows that during that period it had constructed some sidewalks on bridges, and expressly charges it with their maintenance and repair. This, and the similar charge in the event of its thereafter constructing other sidewalks over bridges, are evidently made because there would be no proprietor of land adjoining the sidewalk who would be so benefited by it as to justify imposing the duty of its reparation on him.

As to all other sidewalks, there presumably would be such proprietors, on whom the cost of construction or repair might fairly be thrown. The primary duty of making and maintaining them, however, would, as an incident of their exclusive control, rest on the borough, so far as concerns the right, under General Statutes, § 2020, of any traveler injured by a defect of repair. *Manchester* v. *Hartford*, 30 Conn. 118.

Nor was its responsibility limited to such sidewalks as it had itself established. Its duty to repair was commensurate with its right of control, and that, by the plain terms of the charter, extended to all sidewalks necessary for public convenience, in whatever street they might be, and whatever might have been their origin. A sidewalk in a street commonly used as such by the public for a course of years is none the less a sidewalk because it was planned and built by private enterprise. That the sidewalk in question was necessary for public convenience and had been so used, with the knowledge of the borough, the jury necessarily found, under the charge of the trial court. That it was not separated from the residue of the highway by any curb, gutter, or other dividing line, and that wagons were driven upon it in case of necessity, did not alter its character. It was still a strip of the highway fashioned for convenient use

as a footpath and intended especially for the benefit of pedestrians.

There was no evidence that the town had ever repaired any of the sidewalks in the borough. This distinguished the case at bar from that of *Mead* v. *Derby*, 40 Conn. 205.

There is nothing in the suggestion that had the General Assembly intended not only to charge the duty of repairing sidewalks on the borough but to subject it to actions for damages suffered from a defect of repair, an express provision to that effect would have been made. Such has not been our legislative practice. *Lavigne* v. *New Haven*, 75 Conn. 693, 698.

There was no error in admitting testimony that the sidewalk in question had been constructed many years before, and extended along the side of the highway for a considerable distance in each direction from the point where the accident occurred. It tended to show that the borough had knowledge of the existence of such a walk. For the same purpose the evidence that the defendant had posted notices on Prospect Street, warning bicyclists of the statute against riding on any sidewalk in the borough, was properly received.

The complaint stated that by the plaintiff's fall into a hole in this sidewalk her left leg was broken near the hip joint and her left side bruised and strained, and she sustained a great nervous shock, and suffered and still suffers great pain.

These allegations were broad enough to justify the admission of the testimony of her attending physician that the muscles and ligaments of her back were stretched and sore, and that there was spinal irritation, resulting from what might be termed a sprain of the back or spine.

There is no error.

In this opinion the other judges concurred.