ABRAHAM D. GOLDBERG *vs.* HYMAN KAPLAN ET AL.

First Judicial District, Hartford, October Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

Parties cannot be permitted to waste the time of courts by the repetition in new pleadings of claims which have been set up on the record and overruled at an earlier stage of the proceedings.

In the present case, which was an action upon a mortgage note, the trial court granted a motion to strike out an amended answer filed by the defendant indorser upon the ground that it was a repetition of his original answer which had already been adjudged insufficient upon demurrer. *Held* that the trial court erred, since the amended pleading contained new allegations of an agreement to relieve the defendant of liability on the note, which he alleged he had fully performed.

Argued October 8th—decided October 21st, 1924.

ACTION by an indorsee against the maker and indorser of a promissory note to recover an instalment of principal and interest alleged to be due on the unpaid

balance, brought to the Court of Common Pleas in Hartford County, where the court (*Molloy, J.*) granted the plaintiff's motion to strike out the amended answer of the defendant Kaplan, and later (*Dickenson, J.*) found the issues for the plaintiff and rendered judgment in his favor, from which the defendant Kaplan appealed. *Error and new trial ordered.*

On April 28th, 1921, the defendant Meyer Stein was indebted to the defendant Hyman Kaplan in the sum of $5,100, as evidenced by a promissory note dated on that day and payable to the order of Kaplan in instalments. The note was secured by a mortgage on real estate in Springfield, Massachusetts. The note became the property of the plaintiff before July 28th, 1922, through the successive indorsements of Hyman Kaplan and Nathan M. Higbie. On July 28th, 1922, an instalment of $75 of the principal with interest on the unpaid balance of $4,800 from April 28th, 1922, became due and payable, and the plaintiff brought this action against the maker and indorser to recover the same.

Before trial the defendant Kaplan filed a second defense in substantially the following terms: "On May 23d, 1921, the defendant Hyman Kaplan assigned said note and the mortgage securing said note to one Nathan M. Higbie; and the said defendant, Hyman Kaplan, and the said Nathan M. Higbie entered into an agreement on said 23d day of May, 1921, a copy of which agreement is annexed hereto and marked 'Exhibit 1.' Said agreement was recorded on May 28th, 1921, in the Registry of Deeds for Hampden County in Book 1083, Page 239. Subsequent to that date, the said Nathan M. Higbie assigned the said note and said mortgage securing said note to the plaintiff herein. Prior to October 10th, 1921, the defendant Meyer Stein, then the holder of the equity of redemption of the above mortgaged premises, made default in the per-

formance of a condition of the above mortgage, and the plaintiff herein, and the defendant Hyman Kaplan, agreed that the said plaintiff should institute foreclosure proceedings; the said defendant, Hyman Kaplan, waiving the notice as described in 'Exhibit 1.' The plaintiff thereupon notified his attorney, Frederic Cohn, to institute foreclosure proceedings, and on the 10th day of October, 1921, the said plaintiff by his attorney, Frederic Cohn, did institute foreclosure proceedings on the mortgaged premises. On November 4th, 1921, at the public auction of the said mortgaged premises, under the foreclosure proceedings, the said defendant, Hyman Kaplan, bought in said premises for the sum of one thousand dollars. On said day, the said attorney of the plaintiff herein drew up a deed under Power in Power of Sale Mortgage, but the said plaintiff herein refused to execute said deed, although the defendant Hyman Kaplan was ready, willing and able, and is now ready, willing and able to execute a note for the unpaid balance secured by a fourth mortgage on the above premises payable in instalments on the same dates, for the same amounts, and on the same terms as the note above referred to, with interest as contained in said note."

The Exhibit 1 referred to above, and also below in the amended answer, is in the following terms:—

"This Agreement made and concluded this 23d day of May, 1921, by and between Hyman Kaplan of the Town and County of Hartford, State of Connecticut, and Nathan M. Higbie of the Town of Springfield, County of Hampden, State of Massachusetts, Witnesseth: In consideration of the assigning by the said Kaplan to the said Higbie of a certain note in the principal sum of Fifty-One Hundred (5100) Dollars dated April 28, 1921, signed by Meyer Stein and secured by a mortgage on Nos. 20–24 Saratoga Street in the said Town

of Springfield, the said Kaplan and Higbie agree as follows: That in the event that the said Meyer Stein or the subsequent holder of the equity of redemption shall make default in the payment of any instalment of said note, or of the interest thereon, or make default in the performance of any condition of said mortgage, the said Higbie shall mail by registered mail, to the said Kaplan at his last known address a notice of his intention to sell the premises described in said mortgage under the power contained therein, and if the said Higbie shall, at any time after fifteen (15) days after sending such notice, sell the premises under said power, and if no purchaser at such time of sale shall thereupon pay an amount equal to the amount unpaid on said note, plus the expenses of foreclosure, the said Kaplan will purchase the said premises for the full amount of the unpaid balance on said note and interest and expenses of foreclosure. Provided that the said Higbie will accept in payment a note of the said Kaplan, payable in instalments on the same dates, for the same amounts, and on the same terms as the note above referred to, with interest as contained in said note, to be secured by a fourth mortgage on the premises above described. Reference is hereby made to the above described mortgage dated April 28, 1921, and recorded in the Hampden County Registry of Deeds, Book 1089, Page 480."

In the demurrer to this defense it was alleged, among other grounds, that: 1. Plaintiff was not a party to the alleged agreement, defendant's Exhibit 1, and did not acquire any rights against or become in any manner obligated to defendant Hyman Kaplan by reason thereof. 2. Said alleged agreement, Exhibit 1, did not in any manner alter or vary the rights of the defendant in the note. This demurrer was sustained with the consent of the defendant Kaplan.

Thereupon Kaplan filed an amended answer in the following terms: "1. The allegations of paragraph 1 of the complaint are admitted. 2. As to the allegations of paragraphs 2, 3 and 4 of the complaint, the defendant Kaplan is without information and leaves the plaintiff to his proof thereof. 3. The allegations of paragraph 5 of the complaint are denied. 4. On April 28, 1921, the defendant Meyer Stein, in order to secure the note described in paragraph 1 of the complaint, mortgaged to the defendant Hyman Kaplan certain property in the City of Springfield, Massachusetts, known as Numbers 20 and 22 Saratoga Street. 5. On May 23, 1921, the defendant Hyman Kaplan assigned said note and the said mortgage securing said note to one Nathan M. Higbie, and the defendant Hyman Kaplan and the said Higbie on said day entered into an agreement a copy of which is already filed and marked "Exhibit 1." 6. After May 23, 1921, and prior to October 10, 1921, the said Higbie assigned said note and mortgage to the plaintiff. 7. After the assignment of said note and mortgage to the plaintiff and prior to October 10, 1921, the defendant Stein, then the holder of the equity of redemption in the mortgaged premises, made default in the performance of the conditions of said note and mortgage and the plaintiff and the defendant Kaplan agreed that the plaintiff should cause the foreclosure of said mortgage and the sale of said mortgaged premises under foreclosure and that, if the defendant Kaplan bought the property at said foreclosure sale, he should pay the expenses of said foreclosure and the instalment due on said note on October 28, 1921, and should pay for said premises by a promissory note payable in instalments in accordance with the terms of the agreement between said Kaplan and said Higbie, "Defendant's Exhibit 1." 8. The plaintiff thereupon instituted foreclosure proceedings upon said mortgage and on

Goldberg *v.* Kaplan.

November 4, 1921, at public auction of the said mortgaged premises under said foreclosure proceedings, the defendant Kaplan bought said premises for the sum of $1,000.    9. Thereupon the defendant Kaplan paid to the plaintiff the sum of $150.37, being the interest and principal due under said note on October 28, 1921, and also paid to the plaintiff the costs and expenses of said foreclosure proceedings.    10. Thereupon the defendant Kaplan was ready, willing and able and offered to execute a note payable to the plaintiff in accordance with the terms of the agreement between them as set forth in paragraph 7 hereof, but the plaintiff refused to accept said note and give the defendant Kaplan a deed of said mortgaged premises and to transfer the title to and possession of said premises to defendant Kaplan."

The plaintiff then moved that paragraphs 4 to 10 inclusive be struck out from the amended answer, for the following reasons: "1. The allegations contained in said paragraphs have already been adjudged by this court improper as a defense or an answer to the plaintiff's complaint.    2. The allegations contained in said paragraphs are the same in nature and effect as those contained in the answer of the defendant Hyman Kaplan, which answer was adjudged by this court insufficient and a demurrer filed to said answer was sustained by this court.    3. The allegations contained in said paragraphs disclose no reasonable ground of defense which was not raised by the answer of the defendant Hyman Kaplan.    4. Said amended answer of the defendant Hyman Kaplan is filed merely for the purpose of delay.    5. Said paragraphs of the amended answer of the defendant Hyman Kaplan are irrelevant and immaterial."    This motion the court, *Molloy, J.*, granted.

*Josiah H. Peck*, for the appellant (defendant Hyman Kaplan.)

*Alvan Waldo Hyde,* for the appellee (plaintiff).

CURTIS, J.  The defendant's reasons of appeal allege that the granting of the motion to strike out paragraphs four to ten inclusive of the amended answer was erroneous, and this is the only ground of error relied upon.

The plaintiff claims that the allegations of the paragraphs stricken out were in substance merely repetitions, in a substituted answer, of allegations set up in a prior answer and found insufficient upon demurrer.  If this be true, the motion to strike out was properly granted, for it is a fundamental principle of our system of pleading, that "parties cannot be permitted to waste the time of courts by the repetition in new pleadings of claims which have been set up on the record and overruled at an earlier stage of the proceedings." *Hillyer* v. *Winsted,* 77 Conn. 304, 306, 59 Atl. 40.

We find that this claim of the plaintiff is not true. In the defense demurred to and found insufficient, there was no allegation of an agreement made between Kaplan and the plaintiff relating to the discharge or settlement of the mortgage and note.  There is an allegation in that defense that the defendant Kaplan agreed that the plaintiff (Goldberg) should institute foreclosure proceedings on the mortgaged premises, and it is further alleged that the plaintiff did institute such foreclosure proceedings.  It is apparent that these allegations as to the plaintiff do not constitute allegations of an agreement entered into by Kaplan and the plaintiff which would discharge Kaplan from his obligations as an indorser of the note to the plaintiff.

In the amended answer, on the contrary, there is an allegation of an agreement made between Kaplan and the plaintiff, which Kaplan alleges he carried out, and he claims that thereby he was, in effect, discharged from further liability on the Stein note held by the

plaintiff. These allegations could not reasonably be held to be identical with the allegations of the original second defense, and hence merely the repetition of an answer found insufficient on demurrer.

There was error in granting the motion to strike out, and the case is remanded with directions to set aside the judgment, reinstate the amended answer, and proceed according to law.

In this opinion the other judges concurred.