On June 23, 1948, a jury sitting on the criminal side of this court found the defendant guilty on two counts charging her with a breach of the peace. Thereafter on June 29, 1948, the court (Swain, J.) imposed a jail term of thirty days on each of the aforesaid counts, to run concurrently, but suspended execution thereon. During the intervening years, which now exceed three in number, the defendant has filed various motions for extension of time in which to prosecute an appeal to the Supreme Court of Errors. At her trial she was represented by an experienced attorney in the person of Thomas R. Robinson, who was appointed by the court to conduct her defense at the expense of the state. Since the trial she has been acting as her own counsel. To attempt a discussion of the various motions filed since June of 1948, and the actions taken thereon, would needlessly protract this memorandum. Hence the court will confine itself to current time.
On October 1, 1951, the defendant filed two motions, one relating to a further extension of time in which to prosecute an appeal, and the other for the entering of an order directing the state to defray all expenses in connection with the proposed appeal. These motions came before the court (Dwyer, J.) for hearing on October 5, 1951, and were both denied October 9, 1951. The file discloses that on October 8, 1951, one day before Judge Dwyer's action of denial, the defendant filed a further motion captioned "motion for extension of time limit for appeal." The contents thereof are but arguments advanced in support of her claim of right respecting additional time in which to raise funds to finance the appeal. As a motion it adds nothing to what had been stressed on other occasions. At the time of its filing the defendant did not claim the motion for a short calendar hearing.
On October 15, 1951, the prosecuting attorney filed the motion which has given rise to a short calendar hearing on November 9, 1951. It is captioned "motion to strike" and is designed to bring to an end the defendant's persistent attempts to protract the period of appeal. More specifically, it asks that the defendant's last motion of October 8, 1951, and any other motion "to be filed by her up to the time of the consideration of [the instant] motion by the Court, be stricken from the file"; and, further, that "the Clerk's office be directed not to accept further motions of the defendant relative to this case." *Page 346 
In the realm of pleading there is a fundamental principle that "Parties cannot be permitted to waste the time of courts by the repetition in new pleadings of claims which have been set up on the record and overruled at an earlier stage of the proceedings."Hillyer v. Winsted, 77 Conn. 304, 306; Goldberg v. Kaplan,101 Conn. 432, 438. By analogy it is deemed that this principle has direct application to the situation disclosed on the record in this case.
It would appear that various judges of this court, and the prosecuting attorney, and the clerk's office, have all accorded the defendant every possible consideration and courtesy. A time comes in the life of every case when there must be a finality of action. Were it otherwise, the judicial process would become ineffectual and without purport. To permit this case to continue active would only result in a situation which would become ridiculous to an extreme degree. The defendant has been accorded more than her day in court. Public policy, the decorum of the court, and the best interest of the defendant's peace of mind dictate that the motion which is the subject of this memorandum be granted.
Accordingly, the following order is entered:
1. That the defendant's motion of October 8, 1951, be stricken from the file.
2. That any other motion which may be filed by the defendant before this memorandum is placed on file be likewise stricken from the file.
3. That from the date and hour of the entering of this order the clerk's office and all personnel therein are directed not to accept any further motions attempted to be filed by the defendant relative to an extension of time in which to appeal to the Supreme Court of Errors from the verdict of June 23, 1948, and the judgment thereon of June 29, 1948, or any further motions relative to the state defraying the expense of such appeal or defraying the expenses of any kind of appeal whatsoever growing out of and in connection with any other phase of this case, or any motion to reargue the subject matter of the foregoing memorandum.
 The justification of the within order is based on the power inherent in the court to terminate a protraction of matters under the dubious guise of "proceedings in futuro" and "motions