SOLOMON S. BUCHMAN v. ALDEN M. TAYLOR

KING, C. J., MURPHY, SHEA, ALCORN AND COMLEY, JS.

Argued October 10—decided November 12, 1963

*Morris Apter,* with whom was *Arnold E. Buchman,* for the appellant (plaintiff).

*William P. Aspell,* for the appellee (defendant).

SHEA, J. The plaintiff brought this action for a declaratory judgment to determine (1) whether he is required to attend a hearing for the taking of his deposition for use in a negligence action which is pending between him and the defendant, and (2) whether §§ 185 and 186 of the 1963 Practice Book, under which the deposition would be taken, are

valid and subsisting rules of the Superior Court. He also asked for an injunction to restrain the defendant from taking the deposition. The defendant demurred to the complaint on the ground that the issue raised does not require settlement by a declaratory judgment but may and should be raised in the negligence action, hereinafter called the pending action, by a motion to quash or limit the deposition, under § 186 of the 1963 Practice Book. The court sustained the demurrer. Thereafter, the plaintiff amended his complaint and the defendant's motion to expunge the amendment was granted. The plaintiff refused to plead over, and the court rendered judgment for the defendant. The plaintiff has appealed.

Ordinarily, a declaratory judgment action will not be entertained if there is another action pending between the same parties in which the same issues are involved and may be adjudicated. In the absence of allegations showing exceptional circumstances justifying the declaratory judgment action, the complaint in that action is demurrable. *Redmond* v. *Matthies,* 149 Conn. 423, 427, 180 A.2d 639. It is manifestly unwise and unnecessary to permit a new action for a declaratory judgment when the same question can be determined in the pending action. Borchard, Declaratory Judgments (2d Ed.) p. 350. Where the complaint in the declaratory judgment action discloses on its face that another adequate remedy exists, the complaint is vulnerable on demurrer. 1 Anderson, Declaratory Judgments (2d Ed.) § 322.

Section 185 of the 1963 Practice Book provides that any party who has appeared in a civil action may, in accordance with the procedure provided in the General Statutes, take and use the deposition

of any other party who has appeared. The attendance of the deponent may be compelled by a subpoena. Section 186 of the 1963 Practice Book provides that the court in which the action is pending, or a judge thereof when the court is not in session, may, on proper motion by the person to be examined, make any order which justice may require to protect that person from annoyance, embarrassment or oppression or from examination into any matter which is privileged. For good cause shown and on notice, the court or a judge thereof may order the time and place where the deposition shall be taken, the scope of the examination which shall be permitted or that the deposition shall not be taken at all. Section 186 amply protects any party who may be summoned to give his deposition under § 185. Thus, by a proper motion in the pending action, the plaintiff can obtain the relief he now seeks by an action for a declaratory judgment. In the absence of exceptional circumstances to justify it, this action for a declaratory judgment is entirely contrary to the modern concept which favors the determination of related matters in a single action. *Redmond* v. *Matthies,* supra, 428. Here, the plaintiff has not alleged any exceptional circumstances which would justify a declaratory judgment action. As we said in the *Redmond* case, supra, a pending action should not be interrupted and "held at bay until the determination, in one or more subsequently instituted declaratory judgment actions, of issues culled out of the pending action." Since the plaintiff has full and adequate relief in the pending action, he would not be entitled to an injunction.

The plaintiff's claim that a demurrer to the complaint is improper is not supported by authority. In his prayers for relief, the plaintiff sought

not only a declaratory judgment but also affirmative and coercive relief.  The demurrer was properly addressed to the complaint, and the court did not err in sustaining it.  *Bird* v. *Plunkett,* 139 Conn. 491, 504, 95 A.2d 71; *Hill* v. *Wright,* 128 Conn. 12, 16, 20 A.2d 388; see Borchard, op. cit., p. 432.

The trial court properly granted the motion to expunge the allegations contained in the amendment to the complaint.  The basis for the court's action was that these allegations were conclusions of law and added nothing to the preexisting factual assertions, to which a demurrer had already been sustained.  *Antman* v. *Connecticut Light & Power Co.,* 117 Conn. 230, 235, 167 A. 715; see *Goldberg* v. *Kaplan,* 101 Conn. 432, 438, 126 A. 329; *Smith* v. *Furness,* 117 Conn. 97, 99, 166 A. 759.

There is no error.

In this opinion the other judges concurred.