[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is an action for declaratory judgment brought by the plaintiff, Davis Acoustical Co. [Davis], against the defendants, Morganti, Inc. [Morganti], Ingerson Crane Service Co. [Ingerson], United States Fidelity and Guarantee [USFG], and ITT Hartford Insurance Group [ITT], for the purpose of determining Davis' rights under a contract with Morganti. Davis has alleged the following facts. Davis is a subcontractor on a project for the State of Connecticut in Waterbury. ITT is Davis' general liability insurer. During construction, Ingerson dropped a load of Davis' equipment, which damaged the roof of a building. Morganti, the general contractor, paid for the repairs to the building. Morganti then submitted a claim to its insurer, USFG. USFG paid the claim, but it raised the premiums due from Morganti for the remainder of the project. Morganti consequently withheld the amount of those additional premiums from the amount due under contract with Davis.
In 1990, Davis filed an action against Ingerson. In 1991, Morganti filed a separate action against Davis. On April 21, 1991, these actions were consolidated. On September 30, 1992, Davis filed this action for declaratory judgment. On April 11, 1994, the court, Hennessey, J., granted ITT's motion to strike Davis' complaint on the ground that Davis failed to allege facts to evidence that there is a question in dispute or uncertainty in the legal relations between the parties. On April 15, 1994, Davis filed a revised complaint. On May 9, 1994, the court, Sheldon, J., granted ITT's motion to strike Davis' revised complaint on the ground that Davis failed to allege facts sufficient to bring the case within the scope of the declaratory judgment statute. On May 19, 1994, Davis filed a "Further Revised Complaint." On May 31, 1994, ITT filed this motion to strike Davis' "Further Revised Complaint" on the ground that Davis has again failed to allege facts sufficient to bring the case within the scope of the declaratory judgment statute.
Whether a court should grant declaratory relief is properly decided by a motion to strike. Aetna v. Jones, 220 Conn. 285, (1991). CT Page 10001
An action for declaratory judgment is a special proceeding under General Statutes § 52-29, implemented by Practice Book § 388 et seq. Rhodes v. Hartford, 201 Conn. 89, 92, (1986). The purpose of a declaratory judgment action is to secure an adjudication of rights where there is a substantial uncertainty of legal relations between the parties. Saint Paul Fire andMarine Ins. Co. v. Shernow, 22 Conn. App. 377, 381, (1990). Practice Book § 390(c) provides that the "court will not render declaratory judgments . . . where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure." There must appear a significant practical need for a determination in the light of the particular circumstances in each case." Bania v. New Hartford, 138 Conn. 172,175 (1951); Coscina v. Coscina, 24 Conn. App. 190, 192, (1991).
In the "Further Revised Complaint," Davis alleges that "[t]here are presently pending, a series of lawsuits between Morganti, Davis and Ingerson"; these lawsuits involve the same parties and arise from the same occurrence as this action. Davis further alleges that both USFG and ITT have caused counsel to appear on behalf of their insureds. Davis claims that it is entitled to a declaratory remedy because Davis "cannot determine the outcome of the various consolidated lawsuits hereinbefore referred to . . ."
 [A] declaratory judgment action will not be entertained if there is another action pending between the same parties in which the same issues are involved and may be adjudicated. In the absence of allegations showing exceptional circumstances justifying the declaratory judgment action, the complaint in that action is [vulnerable to a motion to strike] . . . . It is manifestly unwise and unnecessary to permit a new action for a declaratory judgment when the same question can be determined in the pending action. . . . Where the complaint in the declaratory judgment action discloses on its face that another adequate remedy exists, the complaint is vulnerable [to a motion to strike].
(Citations omitted.) Buchman v. Taylor, 151 Conn. 209, 211, (1963). We conclude that this declaratory judgment action should not be entertained because the issues and parties are the same as CT Page 10002 in the earlier filed, consolidated lawsuits, and the plaintiff has not shown any exceptional circumstances to justify this action. ITT's motion to strike Davis' "Further Revised Complaint" is granted.
Wagner, J.