[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The defendant town has moved to dismiss the plaintiff's application for appeal from the decision of the town's board of tax review.
Section 12-117a of the general statutes provides in relevant part:
 "Any person . . . claiming to be aggrieved by the action of the Board of Tax Reviews in any town or city . . . may within two months from the time of such action, make application in the nature of an appeal therefrom, to the Superior Court . . .".
The defendant attached to its motion an affidavit submitted by the board's chairman. It indicated that on March 2, 1994 the plaintiff at a hearing before the board appealed the valuation of certain properties. At the March 9, 1994 meeting the board of the review voted to make no change in the assessments. The plaintiff does not appear to contest these factual allegations rather the dispute between the parties depends on an interpretation of the CT Page 697 statute. Therefore, the court can decide this motion. Without the need for an evidentiary hearing.
The defendant's position is that the appeal period must commence on the date of the board's decision, March 9, 1994. Since service was not made of the application until May 11, 1994 the matter must be dismissed since the application was served two months and two days after the decision.
The plaintiff says the appeal period does not start running until notice of the board's decision is issued. According to the plaintiff the notice here was by means of a letter dated March 11, 1994 sent to the plaintiff's lawyer and notifying the plaintiff of the denial of the plaintiff's application by the board. If the March 11, 1994 date is accepted the application would be within the two-month period. At argument the defendant didn't appear to contest the factual issue as to the date and contents of the March 11, 1994 letter.
As noted the controlling statute is § 12-117a. The plaintiff claims there is some ambiguity in the words "action" and "time of such action" as used in the statute. It claims the statute does not define "action" or its time from which the appeal is taken. The phrase "time of such action" could mean several things according to the plaintiff — the date of the hearing, the date of the board's decision, the date notice of the decision was sent or the date it was received.
The plaintiff refers to Section 12-111 which provides that when a matter is taken before the board the final determination in writing must be sent to each person within one week after the final determination is made. The plaintiff claims this statute must be read together with Section 12-117a perhaps because "time of such action" or "action" in the latter statute is thereby defined to mean at least the date notice is sent or perhaps to indicate some ambiguity in the use of those words in § 12-117a.
If as plaintiff argues there is any ambiguity in the language the statute uses then the court can look to the purposes behind the statute and give it a reading which will fairly accomplish those purposes. CT Page 698
I do not see any ambiguity in the statute. The words "action" and "within two months from the time of such action" in § 12-117a are ambiguous only if read out of context. The statute says that any person "claiming to be aggrieved by the action of the board . . . may within two months from the time of such action make application in the n nature of an appeal therefrom to the superior court . . . ."
The only thing that can be appealed from is the action of the board, the action of the board is the board's March 9, 1994 decision to make no change in assessments. How can "action" mean anything else than this in the context of the statutory language and, if it doesn't, mean that what is appealed from? — certainly not when and if notice was sent, that is not the basis of the aggrievement.
The plaintiff raises the specter of a board of tax review not giving notice of its decision for more than two months. But any great injustice is prevented because notice of the decision must be given within one week pursuant to § 12-111 and if the notice is not so given or it is otherwise found inadequate, the two-month appeal deadline will not run against the aggrieve party; that is really what Trap Falls Realty Holding Limited Partnershipv. Board of Tax Review, 29 Conn. App. 97 (1992) held. That case had nothing to say about the time within which to bring appeal as such. The position now taken by the court can reduce the appeal time by up to one week from the full two months. But that raises no due process or fair notice problems as long as cases like Trap Falls allow trial courts to monitor the fairness of the actual notice — was it sent to the right party, was it legible, could the taxpayer understand it, etc.?, cf Bridgeport Bowl-O-RamaInc. v. Zoning Board of Appeals, 195 Conn. 276, 281 (1985) which is a case concerning adequacy of the notice given in a zoning case, that is, did the notice fairly apprise the party of the decision? Of course, if no notice is given, or it is not given to the proper party or it is incomprehensible, the appeal period should not begin to run, cf Hubbard v. Planning Comm., 151 Conn. 209 (1903). But these cases say nothing about how long you have to appeal if in fact adequate notice has been given. When the legislature wanted the appeal period to run from the notice of a decision by a town agency or board it knew the CT Page 699 language it had to use and explicitly provided that the appeal period should run from the date of notice, see Section 8-8(b) and (d) of the general statutes. Here the legislature chose not to use such language and since the right to appeal is a creature of statute, the court has no authority to do anything else but interpret the statutory language.
The motion to dismiss is granted.