[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The first count of the complaint in this action states a claim for medical malpractice by the minor plaintiff George A. Hlavaceck (plaintiff) against the defendant arising out of acts or omissions committed shortly after his birth. The second count is a claim for infliction of emotional distress brought by the plaintiff's parents against the hospital. Earlier in these proceedings the plaintiff's parents moved to strike the second count asserting that insofar as that count purported to state a claim for bystander emotional distress, it was barred by Maloney v. Conroy, 208 Conn. 392 (1988), and that insofar as that count purported to set forth a claim for negligent infliction of emotional distress, it failed for want of a duty to the parents based on the doctor-patient relationship. The court (Ballen, J.) held that "although the [parents'] claim for negligent infliction of emotional distress/bystander emotional distress is legally insufficient, the defendant's motion to strike count two is denied" because it "also allege[s] a legally sufficient claim for expenditures made on behalf of their child for medical treatment."
Pursuant to Practice Book § 379[1], the plaintiff parents of George A. Hlavaceck move for permission to file a motion for summary judgment on the second count. According to the motion, they seek "to establish that the claim for damages in Count Two of the plaintiffs' Complaint are duplicative and repetitious of the claims set forth in Count One of the plaintiffs' Complaint." Factors to be considered in passing on a motion for permission to file a motion for summary judgment are the length of the delay, the reasonableness of the delay, including the prejudice to opposing parties, and whether the motion for summary judgment merely would restate claims which already have been raised and overruled earlier in the proceedings. "In this era of mounting congestion at every level of the . . . courts, procedural devices capable of terminating litigation quickly and efficiently, and fairly, acquire increased significance. One of the most important of these CT Page 8081 mechanisms is the motion for summary judgment . . . . " S.E. C. v.Research Automation Corp., 585 F.2d 31, 32 (2d Cir. 1978). On the other hand, while rulings on prior motions are not necessarily binding on judges addressing subsequent motions in a case; Breen v.Phelps, 186 Conn. 86, 98-100, 439 A.2d 1066 (1982); "[p]arties cannot be permitted to waste the time of courts by the repetition in new pleadings of claims which have been set up on the record and overruled at an earlier stage of the proceedings. Hillyer v.Winsted, 77 Conn. 304, 306, 59 A. 40 (1904)[;] Friedlander v.Friedlander, 191 Conn. 81, 89, 463 A.2d 587 (1983)." (Internal quotation marks omitted.) Beaudoin v. Town Oil Co., 207 Conn. 575,589, 542 A.2d 1124 (1988); see also Varley v. Varley, 189 Conn. 490,497, 457 A.2d 1065 (1983); Goldberg v. Kaplan, 101 Conn. 432,438, 126 A. 329 (1924).
Applying these criteria to the facts here, the motion for permission to file a summary judgment is granted. The plaintiff shall file its brief in opposition to the motion for summary judgment[2] on or before November 4, 1996.
Dated at Bridgeport this 16th day of October, 1996.
Bruce L. LevinJudge of the Superior Court