## The State Finance Corporation *vs.* James Ballestrini et al.

Second Judicial District, Norwich, April Term, 1930.
Wheeler, C. J., Maltbie, Haines, Hinman and Banks, Js.

Argued April 29th—decided June 2d, 1930.

*Charles V. James,* with whom, on the brief, was *Arthur M. Brown,* for the appellant (plaintiff).

*Arthur T. Keefe,* for the appellees (defendants).

MALTBIE, J.   The plaintiff is engaged in the business of buying and discounting promissory notes and other evidences of indebtedness.   The defendant Louis J. Ballestrini, hereafter referred to as the defendant, was on January 5th, 1925, and thereafter a dealer in automobiles.   In this action the plaintiff seeks to recover from him as indorser and guarantor balances due upon two notes it purchased from or discounted for him, one on or about August 5th, 1925, and the other, on or about September 1st, 1925, and also to charge his wife on the ground of a claimed fraudulent conveyance of certain real estate by him to her.   This conveyance was made without consideration on February 10th, 1925.   On that day the defendant was under no obligation to the plaintiff except as he was assignor of two contracts of conditional sale covering certain automobiles, but the notes secured by these contracts were thereafter paid, so far as appears, before the transactions out of which the plaintiff's present claim arose; nor does it appear that on that day the defendant was indebted to any one else.   Under these circumstances to render the conveyance void as regards the obligation of the defendant upon the notes in question, incurred some six months later, it would have to be shown that it had been made with actual intent to defraud future creditors.   *Allen* v. *Lyness,* 81 Conn. 626, 631, 71 Atl. 936; *DeFeo* v. *Hindinger,* 98 Conn. 578, 583, 120 Atl. 314.

The trial court found that on January 5th, 1925, the defendant represented to the plaintiff that he owned the real estate in question and that it was worth $11,000 in excess of mortgages upon it.   The plaintiff seeks to have the finding corrected to state that these representations were made for the purpose of inducing it to purchase and discount notes for him in the future and that the notes in question were purchased or dis-

counted in reliance upon them. We cannot, however, regard these corrections as embodying admitted or undisputed facts and cannot therefore add them to the finding. The plaintiff also seeks to have stricken out the trial court's finding that at the time of the transactions here in suit the defendant made no representations as to his ownership of the real estate and that they were not entered into by the plaintiff in reliance upon any such representations; but we cannot regard this finding as one which the trial court could not reasonably reach upon the evidence. The finding is barren of facts which can call in question the trial court's conclusion that the transfer of the property by the defendant to his wife was not a fraudulent conveyance and that conclusion must stand.

The other question presented by the appeal arises out of a counterclaim by the defendant in which he seeks to recover a sum due him by reason of an agreement made with the plaintiff upon the purchase of some used automobiles, that the plaintiff would pay him a certain sum of money when it recovered insurance for missing parts which had been stolen from their automobiles. With reference to this claim the trial court had found the following facts: The plaintiff sold the automobiles to the defendant for the sum of $5000, under a conditional sales agreement. By the terms of this instrument, it was provided that $600 should be paid in cash and the balance as the cars were sold, that the defendant was to pay fire and theft insurance until the cars were sold, and that when the purchase price had been fully paid they were to become the property of the defendant, and then followed certain provisions as to the retaking of the cars by the plaintiff should the defendant default in his undertaking. These automobiles were in storage with the defendant and at the time of the sale he called the

attention of the president of the plaintiff to the fact that certain parts were missing. The plaintiff by its president then stated to the defendant that they were covered by theft insurance, instructed the defendant to make a list of them and agreed to send the list to the insurance company and pay the money received from it to the defendant. The defendant made the list and the plaintiff sent it to the insurance company and it later received $400 which it has refused to pay to the defendant. The defendant paid the plaintiff the full sum of $5000 due under the terms of the bill of sale. The trial court gave judgment upon the counterclaim for the defendant to recover the amount received from the insurance company with interest.

The contention of the plaintiff is that the defendant can have no advantage of this agreement, as the contract of conditional sale must be regarded as embracing all the terms of the agreement between the parties. In *Cohn* v. *Dunn,* 111 Conn. 342, 149 Atl. 851, we recently discussed the parol evidence rule, and no good purpose would be served by repeating what we said. We there pointed out that an entirely distinct contemporaneous agreement may be proved by parol, if the parties did not intend to make the writing a final and complete repository of the terms of their understanding and that, in determining their intent, the question becomes one of inherent probability, in view of the conduct and language of the parties and the surrounding circumstances, that they would or would not make both the written and the oral agreement. In the instant case the agreement for the sale of the automobiles contained in the bill of sale was complete in itself; the price to be paid and the times of payment were specified entirely without regard to the agreement as to the insurance; and it is most significant that that price was fully paid, likewise in disregard of

that agreement. As it was clearly not regarded by the parties as affecting the price to be paid for the automobiles, it was in no way inconsistent with the terms of the writing. The effect of the agreement was not to abate at all the sum which the plaintiff was to receive upon the sale of the automobiles, or require it to pay something out of its assets in hand, but only to obligate it to turn over to the defendant a certain sum it expected to receive from a third party when it came into its possession. There is nothing inherently improbable in the fact that, as a contemporaneous independent contract, the parties should enter into such an agreement. We cannot say that the trial court's conclusion that the defendant was entitled to recover upon it was unreasonable, illogical or contrary to any principle of law. *Brosty* v. *Thompson,* 79 Conn. 133, 64 Atl. 1; *Dittmar* v. *Frederick Starr Contracting Co.,* 249 Fed. 437; *Carr* v. *Dooley,* 119 Mass. 294, 296; *Graffam* v. *Pierce,* 143 Mass. 386, 9 N. E. 819; *Durkin* v. *Cobleigh,* 156 Mass. 108, 30 N. E. 474; *Hines* v. *Willcox,* 96 Tenn. 148, 33 S. W. 9; 2 Williston on Contracts, §§ 637, 638.

The plaintiff claims that the agreement for the payment of the insurance to the defendant was without consideration. This claim was not made in the trial court. Had it been the trial court would no doubt have found the consideration to have been the simultaneous agreement to purchase the cars under the terms of the bill of sale. 2 Williston on Contracts, § 637.

There is no error.

In this opinion the other judges concurred.