GORDON J. SKINNER *v.* MARGARET W. SKINNER

KING, C. J., MURPHY, ALCORN, HOUSE and THIM, Js.

Argued June 8—decided July 19, 1966

*Adam Mantzaris,* with whom, on the brief, was *Joseph M. Delaney,* for the appellant (defendant).

*Donald T. Dorsey,* for the appellee (plaintiff).

THIM, J. The plaintiff husband sought and was granted a divorce from the defendant wife on the ground of intolerable cruelty. The court found that during the marriage the plaintiff had caused certain real property to be conveyed to the defendant in consideration of the love and affection which he had for her at the time. Section 46-22a of the General Statutes provides that the court granting the divorce may provide, as part of its decree, that an estate so acquired, or any part thereof, shall belong to the spouse granted the divorce. The court ordered the title to the interest in realty so acquired to pass to the plaintiff. General Statutes § 52-22.

The defendant's appeal challenges the basis for the order and the formula the court employed in determining the extent of the interest, if any, which the defendant acquired in the realty in consideration of love and affection.

The finding recites these facts: The plaintiff and the defendant were married in Kensington in 1944. In 1946, they purchased a building lot on Fairmont Avenue in Meriden. Title to the property was taken in both their names. A house was subsequently constructed on the lot. The parties occupied this house until 1956, when they sold the premises. The proceeds of the sale were used to acquire a lot at 37 Fremont Street in Meriden and to start construction of a house thereon. The title to this property was taken in the name of the defendant alone, although both parties signed the note and the mortgage deed to secure the balance of the pur-

chase price. Just prior to the acquisition of the Fremont Street property, the plaintiff had planned a new business venture. During the trial the plaintiff gave conflicting testimony as to what motivated him to have the Fremont Street property taken solely in his wife's name. At one point he testified that the prime reason he put the property solely in his wife's name was because he had love and affection for her and trusted her implicitly. He testified that he regarded her as his partner for life. At another point, during cross-examination, the plaintiff admitted that the prime consideration for putting the property in his wife's name was to immunize it from possible claims of creditors.

The defendant contends the latter admission so taints the conveyance with fraud that, under the doctrine of *Gest* v. *Gest,* 117 Conn. 289, 167 A. 909, the court should leave the plaintiff in the position in which he had placed himself. This contention presupposes that the court was required to believe the latter admission and to disbelieve the prior, inconsistent testimony of the plaintiff. The court, in its memorandum of decision, mentions the conflict in the evidence on this crucial point. Its findings indicate that it was satisfied that the plaintiff's real reason for placing the title in the defendant's name was because of the love and affection the plaintiff had for the defendant and that there was no intent on his part to defraud his creditors.

A husband has an undisputed right to transfer property to his wife without adequate consideration so long as he is not thereby disabled from paying his obligations and the transfer is not made with the fraudulent intent of concealing the property from his creditors or of avoiding their claims. *Seigel* v. *Heimovitch,* 121 Conn. 207, 211, 183 A.

741. The court found that, when the plaintiff went into business, a short time after the title to the Fremont Street property was taken in the defendant's name, he had no creditors. Under these circumstances, a gratuitous conveyance to a spouse will be fraudulent only if an actual intent to defraud future creditors is shown. *State Finance Corporation* v. *Ballestrini,* 111 Conn. 544, 545, 150 A. 700. Whether such a fraudulent intent existed is a question of fact for the trier. *Balzano* v. *Balzano,* 135 Conn. 584, 591, 67 A.2d 409; *Gest* v. *Gest,* supra, 300; *Mathews* v. *Converse,* 83 Conn. 511, 513, 77 A. 961. Here, the trial court believed that love and not fraud motivated the plaintiff. The testimony of the plaintiff to that effect is certainly not incredible in view of the fact that at the time the Fremont Street property was taken in the defendant's name the parties had been married about twelve years and had two children and that the acts of the defendant which ultimately caused the marriage to fail had not yet begun. In any event, it was the province of the court to determine which, if either, of the plaintiff's conflicting statements was correct. *Andrea* v. *New York, N.H. & H.R. Co.,* 144 Conn. 340, 345, 131 A.2d 642.

The defendant seeks to raise an evidential question, contending that certain testimony of the plaintiff was given in terms of ultimate rather than subordinate facts and as such was not proper evidence. The defendant made no objection to this testimony at the trial. The proper place to raise such an objection was during the trial. Practice Book § 226; *Casalo* v. *Claro,* 147 Conn. 625, 629, 165 A.2d 153. Only where the procedure set forth in that section is followed will a ruling by the trial judge on the evidence be considered by this court. Prac-

tice Book §§ 648, 652. Therefore, we need not consider the merits of her claim.

The defendant argues that a condition precedent to awarding relief under General Statutes § 46-22a is a finding by the court that the estate was derived by outright gift from the plaintiff. The defendant is incorrect. The statute is specific. To invoke the permissive remedial aspect of the statute, the court need only find that in consideration of marriage or of love and affection a married person has derived an estate from his spouse. It was not required to find more. The defendant does not deny that she derived an estate. The court found the estate was derived in consideration of love and affection. Therefore, it was not improper for the court to grant the relief.

The remaining issue is the defendant's contention that the method the court employed in determining the extent of the interest acquired by the defendant in the Fremont Street property was erroneous.

The court found that all payments on the Fairmont Avenue property were made by the plaintiff with the exception of $1000, which the defendant contributed from her own funds. In 1956, this property was sold by the parties for between $14,500 and $15,000. From these proceeds, $13,000 was used to purchase the Fremont Street property. The balance of the price was secured by an open-end bank mortgage of $12,000. The court found that the defendant's parents paid $12,000 to reduce this mortgage and that all other payments on the mortgage were made by the plaintiff. The $12,000 mortgage was eventually reduced to $100. Thereafter, the mortgage was increased to $7200 so that the plaintiff could purchase a boat. The plaintiff had, at the time of the trial, reduced this mortgage to $6300.

In both 1957, when the house was completed, and at the time of the trial, the fair market value of the property was $25,000.

The court found that the defendant had contributed $1000 from her own funds and the $12,000 gift of her parents to the equity in the property. It also found that the balance or $12,000 had been contributed by the plaintiff. The $6300 mortgage was an encumbrance on the property generally. The court construed it as an obligation against the interest derived from the plaintiff specifically. It therefore found that the net equity in the property generally was $18,700 and that the net equity which the defendant had derived from the plaintiff was $5700. It ordered the portion of the interest in the property derived from the plaintiff conveyed to him.

The defendant has shown no harmful error in the permissible method followed by the court in determining, with reasonable probability, the value of the property derived by the defendant from the plaintiff upon the consideration of love and affection.

There is no error.

In this opinion the other judges concurred.