ALAN R. VARLEY *v.* NINA B. VARLEY

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued December 5, 1975—decision released March 30, 1976

*Joseph B. Lukas,* for the appellant (defendant).

*Joel M. Ellis,* with whom, on the brief, was *Donald J. Cantor,* for the appellee (plaintiff).

BOGDANSKI, J. The plaintiff, Alan R. Varley, brought this divorce action on the ground of intolerable cruelty. The defendant, Nina B. Varley, contested the action, filed a counterclaim seeking a divorce on the ground of intolerable cruelty, and moved for alimony pendente lite and counsel fees.

The matter was referred to a state referee, who, exercising the powers of the Superior Court, awarded the plaintiff a divorce, denied the motion for alimony and counsel fees, and ordered a reconveyance to the plaintiff of a one-half interest in property located in Newington. From the judgment rendered the defendant has appealed, assigning error in virtually every ruling and determination made by the court. Only those claims which are briefed will be considered. *Fleischer* v. *Kregelstein,* 150 Conn. 158, 159, 187 A.2d 241; *West Realty Co.* v. *Ennis,* 147 Conn. 602, 603, 164 A.2d 409.

The first claimed error concerns the denial of alimony pendente lite and counsel fees. The defendant claims that the sole ground relied upon by the court for the denial was the fact that her assets were substantially greater than those of the plaintiff. She contends that in reaching its decision, the court abused its discretion by not confining its consideration only to the plaintiff's income, as required by § 46-21 of the General Statutes, as then in effect.

To review a claim that the court abused its discretion, we must have before us the conclusions of fact upon which the ruling is predicated. *New England Floor Covering Co.* v. *Architectural Interiors, Inc.,* 159 Conn. 352, 358, 269 A.2d 267. The finding does not reveal whether the ruling was based upon the plaintiff's income or upon the appreciable difference in the assets owned by the parties. The defendant made no request for a finding concerning those issues, nor did she raise any claims of law at the trial with respect to them. To support her contention, however, the defendant refers us to the memorandum of decision. The memorandum of decision is not a part of the finding and cannot be used to

supplement it. *American Can Co.* v. *Orange Pulp Co., Inc.,* 149 Conn. 417, 422, 180 A.2d 628. "The cause is to be decided upon the facts found, not upon those contained in the memorandum of decision." *Stults* v. *Palmer,* 141 Conn. 709, 711, 109 A.2d 592, quoting from *Turner* v. *Connecticut Co.,* 91 Conn. 692, 696, 101 A. 88. Since no claims of law were raised at the trial, and since there is nothing in the finding or judgment file to indicate that the court abused its discretion in denying the defendant's motion, it is presumed that the court acted properly. Maltbie, Conn. App. Proc. § 311.

The defendant next claims that there was extensive uncontradicted testimony to the effect that the plaintiff physically and verbally abused the defendant, and that the court therefore erred in concluding that the plaintiff's conduct did not constitute intolerable cruelty. There is nothing in the finding which would support the conclusion that the plaintiff's conduct amounted to intolerable cruelty. Moreover, we are provided with no basis for making any additions to the finding to support that conclusion. "That a fact was testified to and not directly contradicted by another witness is wholly insufficient" to secure an addition to the finding. *Brown* v. *Connecticut Light & Power Co.,* 145 Conn. 290, 293, 141 A.2d 634. It is for the trier to judge the credibility of a witness. *Stoner* v. *Stoner,* 163 Conn. 345, 347, 307 A.2d 146; *Salvatore* v. *Milicki,* 163 Conn. 275, 277, 303 A.2d 734. We are unable, therefore, to disturb the court's conclusion.

The remaining issues briefed relate to the court's decree concerning the reconveyance of a home located in Newington. The finding discloses that the plaintiff and the defendant purchased the New-

ington home jointly with proceeds from the sale of a jointly owned home in Wethersfield, and that the plaintiff subsequently transferred his interest in the Newington home to the defendant for no consideration other than that of the marriage, love, and affection. The court, exercising its discretion pursuant to § 46-22a of the General Statutes,[1] which has since been repealed, ordered title to a one-half interest in the home to pass to the plaintiff. General Statutes § 52-22.

The defendant first contends that the decree was erroneous because it awarded the plaintiff more relief than he had claimed. It is argued that although the plaintiff, in his original complaint, claimed a reconveyance of his just interest in the Newington property, he subsequently agreed to abandon that claim. This argument lacks merit. The court expressly found that the plaintiff sought a one-half interest in the Newington property, and there is no claim by the defendant that that fact was found without evidence. Moreover, there is nothing in the record which discloses that the plaintiff ever abandoned this claim.

The defendant next asserts that it was improper for the court to have invoked § 46-22a of the General Statutes because there was no support in the evidence for the conclusion that the plaintiff conveyed his interest in this property to the defendant "in consideration of the marriage and love and affection

---

[1] "[General Statutes] Sec. 46-22a. WHEN ESTATE REVERTS TO SPOUSE. When any married person derives any estate from his or her spouse in consideration of their marriage, or of love and affection, and such spouse is granted a divorce from such person under the laws of this state, the court which grants the divorce, as a part of the decree, may provide that such estate or any part thereof in the possession of such person or standing in his or her name shall belong to the spouse granted the divorce."

which he had for her at the time of the transfer." "Consideration of love and affection" is not "legal" consideration which would support enforcement of a promise, but is a so-called good consideration founded on a duty or motive naturally presumed to exist. See 1 Williston, Contracts (3d Ed. Jaeger) § 110; see also *Candee* v. *Connecticut Savings Bank,* 81 Conn. 372, 378, 71 A. 551. Section 46-22a allows the court, in its discretion, to reconvey property previously transferred by the spouse granted the divorce, so long as that transfer was based upon that natural nuptial motive rather than "legal" consideration. The court found as a subordinate fact that the plaintiff did not receive "legal" consideration for the transfer of his interest in the property, and there is nothing in the record requiring that finding to be changed. In view of that finding and the fact that the parties were married at the time of the transfer, it was reasonable for the court to have inferred that the "marriage, . . . love and affection," as those terms were used in § 46-22a, induced the plaintiff to make the transfer.

The final claim concerns the method employed by the court in determining the interest in the Newington property to be reconveyed to the plaintiff pursuant to § 46-22a. The court found that the Newington home was bought jointly with funds received from the sale of a jointly held home in Wethersfield, and that, during the marriage, the plaintiff conveyed his undivided one-half interest in the Newington home to the defendant in consideration of the marriage, love, and affection. It ordered that that one-half interest be reconveyed to the plaintiff. The defendant contends that the "doctrine" of *Skinner* v. *Skinner,* 154 Conn. 107, 111–12,

221 A.2d 848, mandated that the court not only determine in whose name the Newington property was taken, but determine each party's "actual net equity" in the property by taking into account any financial contributions made by either party toward its purchase, improvement and upkeep. It is the defendant's claim that that property was purchased and improved entirely with her contributions.

The facts in *Skinner* v. *Skinner,* supra, were similar to those in the present case. After their marriage, the Skinners purchased a lot on which a house was built. Title to this home was taken in both their names. All payments on the house, with the exception of $1000, were made by the plaintiff husband. That property was subsequently sold for $15,000, and from those proceeds $13,000 was used to purchase another home which was taken in the name of the defendant wife alone. The balance of the price was secured by a mortgage which the defendant's parents paid $12,000 to reduce. Thereafter, the mortgage was increased to $7200 so that the plaintiff could purchase a boat. At the time of trial, the plaintiff husband had reduced the mortgage to $6300. The court found that the fair market value of the property was $25,000, that the defendant wife contributed $1000 of her own funds and the $12,000 gift of her parents to the net equity of the property, that the balance was contributed by the plaintiff, and that the $6300 should be construed as an obligation against the interest derived from the plaintiff husband. It found, therefore, that $5700 was the portion of the interest in the property which the defendant wife derived from the plaintiff husband, and ordered that interest reconveyed to him. On appeal, the defendant wife argued that there was no evidence of the amount of contribu-

tions made by the plaintiff husband, and that the court erroneously determined that amount by subtracting the total contributions of the defendant from the market value of the property. This court ruled: "The defendant has shown no harmful error in the permissible method followed by the court in determining, with reasonable probability, the value of the property derived by the defendant from the plaintiff in consideration of love and affection." *Skinner* v. *Skinner,* supra, 112.

In the present case, the court committed no error in deciding not to follow the method used in *Skinner* to determine the size of the estate which could be reconveyed to the plaintiff. The formula employed in *Skinner* was not a "doctrine," but was a "permissible method" which was not shown by the defendant in that case to constitute harmful error. At the trial of the present case, the defendant made no claims of law concerning any particular formula which she considered applicable.

The invocation of the permissive remedial aspects of § 46-22a were based upon a concept of fault. Cf. *Skinner* v. *Skinner,* supra. The court could only negate the effect of a transfer made by the party granted the divorce.[2] In *Skinner,* while the court did look to the amount of capital actually contributed by each party to determine their relative interests, that method did not have the effect of negating

[2] Thus, in the present case, if the defendant had been granted a divorce, the court could not have ordered a reconveyance to the plaintiff of the interest which he transferred to the defendant in consideration of love and affection. Similarly, even if the defendant did in fact pay the entire purchase price for the Newington home but made a gift of a one-half interest to the plaintiff in consideration of love and affection, if the plaintiff was subsequently granted a divorce, the defendant would have been unable to recover that one-half interest under § 46-22a.

any valid transfer made from the "at fault" defendant to the plaintiff. In the present case, if we were to assume that Mrs. Varley did in fact supply the funds to purchase the Newington premises and that she transferred a one-half interest to the plaintiff in consideration of love and affection, and if we were to apply the defendant's rationale, the effect would be to negate her original transfer of the one-half interest to the plaintiff. That would not be a result which was contemplated by the legislature in enacting § 46-22a. The statute was intended to supply an avenue of relief only to the party granted the divorce.

There is no error.

In this opinion the other judges concurred.