ANNE W. MURPHY *v.* CHARLES G. MURPHY

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued March 6—decision released April 22, 1980

*David Burke,* with whom, on the brief, was *Robert Fain,* for the appellant (defendant).

*June A. Weber,* with whom was *Joseph M. Kaye,* for the appellee (plaintiff).

PER CURIAM. This appeal arises from a judgment dissolving the marriage of the parties and orders relating to the assignment of property and attorney's fees.

The plaintiff and defendant were married on January 11, 1974. There were no children born of the marriage. This action was brought September 1, 1977, and judgment was rendered on November 28, 1978. The memorandum of decision states that no alimony was warranted by the evidence and that the court's sole consideration was to determine a fair and equitable division of the real and personal property involved. The court endeavored to return to each party what he or she had contributed to the marriage.

The memorandum of decision indicates that shortly after the trial began it became apparent to the court that a considerable amount of property was involved and that the parties' claims as to what contributions they had made to the purchase, improvement and upkeep of the $300,000 residence were in complete conflict. The parties' elaborately documented claims of contributions made to joint bank accounts, purchase and maintenance of automobiles and boats, payment of household and other expenses were also in total conflict. The court invoked Practice Book, 1963, § 365 (1978, § 445) to appoint a professional appraiser. Later, upon reconsideration, the parties through their counsel agreed to waive a professional appraisal and to submit documentary evidence of their claims from which the court could determine what each party was entitled to retain without further hearing or testimony.

Rather than determine what each party had contributed to every category of property in dispute, that is, real property, personal property, bank accounts, and other assets, the court considered their property as a whole. To the plaintiff wife the court awarded the equity in the home, the automobile registered in her name and designated personal property held in escrow. The court denied the plaintiff's claims to the parties' $287,000 refund on their 1975 federal tax return, to one-half of a $7495.74 tax refund check held in escrow, to all contributions to various joint accounts totaling $365,896.64, to the proceeds on the sale of their yacht alleged to have been sold by the plaintiff for $100,000, to shares of stock, and to the automobile registered in the defendant's name. The judgment also provided that in the absence of an agreement to the contrary those items brought to the marriage by the parties should be returned to the party who contributed them, and those items which were gifts to the parties upon their marriage or subsequent thereto or purchased through joint accounts during their marriage should be sold and the proceeds divided equally between them. In addition, the court awarded counsel fees to the plaintiff. The defendant husband has appealed from the judgment.

The defendant claims that the distribution of the marital property was legally and logically inconsistent with the facts contained in the documents submitted to support the claims of the parties. As illustrative of these claims, the defendant contends that despite the parties' agreement that the defendant had made substantial contributions to the parties' equity in the residence, sole ownership was awarded to the plaintiff, and that an automobile purchased by the defendant was awarded to the

plaintiff. From the tone of the brief, it appears that the defendant believes that the court was under a duty to divide each category of assets in dispute in a manner consistent with the parties' memoranda and that the court erred by considering the relative values of all the disputed property and making an award by type.

In *Skinner* v. *Skinner,* 154 Conn. 107, 111, 221 A.2d 848 (1966), this court held that the trial court was not in error in considering the amounts contributed by each spouse during marriage to jointly held property, determining from those amounts the "net equity" of each party and basing its award on those findings. This method, however, was not deemed to be exclusive but only permissible. In this case, the court did not err in deciding not to follow the method used in *Skinner* v. *Skinner,* supra. *Varley* v. *Varley,* 170 Conn. 455, 462, 365 A.2d 1212 (1976). As this court has repeated time and again, trial courts have a distinct advantage over an appellate court in dealing with the award of property in domestic relations cases. *Ayers* v. *Ayers,* 172 Conn. 316, 321, 374 A.2d 233 (1977); *LaBella* v. *LaBella,* 134 Conn. 312, 318, 57 A.2d 627 (1948). Trial courts have broad discretion in determining questions relating to financial matters which are proper in each case, so long as they are acting in accordance with the standards and guidelines provided in the General Statutes. *Ayers* v. *Ayers,* supra, 321–22. "In determining whether the trial court abused its discretion 'the ultimate issue is whether the court could reasonably conclude as it did.'" *Grinold* v. *Grinold,* 172 Conn. 192, 194, 374 A.2d 172 (1976). After examining the parties' exhaustive claims of possession, down to such items as place mats, garden tools and a "wooden bidet,"

it cannot be concluded that the court abused its discretion by failing to assign some property in every category to each party in lieu of making its award as it did or that the court abused its discretion in the method used or amounts designated in its award.

The defendant claims error in the award of attorney's fees to the plaintiff. In an effort to show that the plaintiff is not entitled to attorney's fees, the defendant in his brief states the estimated net worth of the parties. There is, however, nothing in the record to substantiate these statements and these estimates cannot be considered. The record does show the claim of the parties to a $300,000 dwelling, a yacht, two automobiles, and contributions to the marriage totaling several hundred thousand dollars. Although the net worth of each party has not been determined, the record shows that each is of considerable independent means.

Prior to 1973, this state adhered to the common-law rule that a wife was not entitled to counsel fees if she had sufficient funds to pay the expenses of litigation. *Krasnow* v. *Krasnow,* 140 Conn. 254, 261–63, 99 A.2d 104 (1953); *Steinmann* v. *Steinmann,* 121 Conn. 498, 505, 186 A. 501 (1936). Counsel fees have never been considered a form of property settlement. See *In re Birdseye,* 548 F.2d 321, 324–25 (10th Cir. 1977). In 1973, the legislature enacted General Statutes § 46b-62[1] which provides that reasonable attorney's fees be awarded "in accordance with [the parties'] respective financial abilities and the criteria set forth in section 46b-82." This latter statute lists the criteria to be considered by the court in awarding alimony.

---

[1] General Statutes § 46b-62, formerly § 46-59, was amended by Public Acts 1978, No. 78-230, §§ 44, 54, but the amendments are not material to the resolution of this case.

The trial court stated that its only concern was the assignment of property in accordance with what each party had contributed to the marriage. Nowhere in the memorandum of decision or in the record does it appear that the court considered the criteria listed in General Statutes § 46b-82 in awarding attorney's fees. If we consider the financial position of the plaintiff as required by § 46b-82, there was no basis for the awarding of attorney's fees. No alimony was awarded to the plaintiff. It is true, as argued by the plaintiff, that although the statutory criteria for awarding alimony and attorney's fees are the same, the two awards are provided independently of each other in separate sections of the General Statutes. In this instance, however, not only did the court fail to award alimony, but it also stated, "no alimony is warranted by the evidence." Where it is clear that the court considered the evidence and found no basis for alimony, and where the same evidence must be considered for the award of attorney's fees, if there is no indication in the memorandum of decision or the record of any evidence which relates to one and not the other, there is error in the award of attorney's fees.

The attorney's fee awarded was $20,000, $7495.74 to be paid with funds already held by the plaintiff's attorney in escrow. It is clear from this order and the denial of the plaintiff's claim to this sum that the court considered the $7495.74 as money which belonged to the defendant. Hence, that amount held by the plaintiff's attorney must be paid to the defendant.

There is error in part, the judgment is set aside and the case remanded with direction to render judgment in accordance with this opinion.