HELEN C. NOEL ET AL. *v.* PLANNING AND ZONING
COMMISSION OF THE TOWN OF SOUTHINGTON ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1385

Argued May 18—decided July 15, 1983

*Kenneth G. Bartlett,* for the appellants (plaintiffs).

*Richard M. Krezel,* for the appellee (named
defendant).

*Robert A. Izzo,* for the appellees (defendants Orazio
and Vitangela Longo).

PER CURIAM. The plaintiff landowners instituted this
action in six counts on November 23, 1981, challenging,
inter alia, the validity of the defendant planning and
zoning commission's decision approving a zone change
for property owned by the defendants Orazio and
Vitangela Longo. The defendants filed a motion to dis-
miss the civil action on the basis that the plaintiffs' sole
remedy was an administrative appeal pursuant to Gen-
eral Statutes § 8-8. This section requires that such an
appeal be filed "within fifteen days from the date when
notice of [the commission's] decision was published in
a newspaper pursuant to the provisions of section 8-3
or 8-7 . . . ." The decision in the present case was ren-
dered at a public hearing on July 21, 1981, and pub-
lished in a local newspaper on July 27, 1981. The

defendants argue that the action was barred under § 8-3 since it was brought well after the appeal period had expired. The trial court thereafter granted the motion in part and dismissed the first three counts of the complaint, in which the plaintiffs attacked the legality of the commission's decision. The plaintiffs have appealed.

It is a well established principle "that when a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test." (Citations omitted.) *Carpenter* v. *Planning & Zoning Commission,* 176 Conn. 581, 598, 409 A.2d 1029 (1979). There is, however, an exception to this rule. An independent action may be brought when the issue is whether the agency lacked jurisdiction to act, thereby rendering its decision void. *Smith* v. *F.W. Woolworth Co.,* 142 Conn. 88, 93, 111 A.2d 552 (1955).

In the first count of their complaint, the plaintiffs allege that the notice of the public hearing scheduled for July 21, 1981, failed to comply with the relevant statutory requirement. General Statutes § 8-3 provides that "[n]otice of the time and place of such hearing shall be published in the form of a legal advertisement appearing in a newspaper having a substantial circulation in such municipality . . . ." The plaintiffs claim that the local newspaper in which the defendant commission published its notice does not have a substantial circulation in the municipality. "Compliance with the provision as to notice is a prerequisite to any valid action by the [commission]. . . . Failure to give proper notice constitutes a jurisdictional defect. *Hutchison* v. *Board of Zoning Appeals,* 138 Conn. 247, 251, 83 A.2d 201 [1951]." (Citations omitted.) *Smith* v. *F.W.*

Woolworth Co., supra, 94. The plaintiffs' claim of inadequate notice of the public hearing, therefore, was properly raised in the first count.

Counts two and three of the complaint attacked the legality of the zone change approval on other grounds. Since the plaintiffs did not discuss these issues in their brief, we consider them abandoned. *Varley* v. *Varley,* 189 Conn. 490, 504, 457 A.2d 1065 (1983).

There is error in part, the judgment as to the first count of the complaint is set aside and the case is remanded for further proceedings.

DALY, BIELUCH and F. HENNESSY, Js., participated in this decision.