JEANNE F. BIELUCH *v.* WILLIAM C. BIELUCH, JR.
(12605)

PETERS, C. J., HEALEY, DANNEHY, SANTANIELLO and CALLAHAN, Js.

Argued March 6—decision released May 13, 1986

*William C. Bieluch, Jr.,* pro se, the appellant (defendant).

*Stuart Turow,* certified legal intern, with whom was *James A. Trowbridge,* for the appellee (plaintiff).

PETERS, C. J. In this appeal from a judgment of civil contempt, the principal issue is whether the trial court erred in refusing to allow various items as offsets to liability for accrued arrearages for alimony and support. The marriage of the plaintiff, Jeanne F. Bieluch, and the defendant, William C. Bieluch, Jr., was dissolved on November 9, 1981. The dissolution decree awarded custody of the minor children to the plaintiff, with stipulated visitation rights for the defendant. The decree also ordered the defendant to pay the plaintiff $800 a month through a support officer as unallocated alimony and support.[1] Alleging substantial arrearages in this financial order, the plaintiff on February 2, 1984, and August 7, 1984, applied for orders of contempt or wage execution. After a hearing held on September 25, 1984, the trial court, *Landau, J.,* found an outstanding arrearage of $2800 and held the defendant in

---

[1] The validity of this decree was upheld upon a prior appeal by the defendant. *Bieluch* v. *Bieluch,* 190 Conn. 813, 462 A.2d 1060 (1983).

contempt. In a subsequent ruling on a motion for modification of the financial order, the trial court, *Lewis, J.*, having found that the defendant had established a substantial change of circumstances because of a diminution of income from his legal practice, ordered a temporary suspension of payments of the existing arrearage and the amounts payable prospectively. The defendant has appealed from the judgment of contempt. We find no error.

The defendant's appeal lists twelve assignments of error. Taken in groups, these arguments claim error in the trial court's finding of contempt because the trial court: (1) was biased; (2) should have heard the defendant's motion for modification at the same time as it heard the plaintiff's motion for contempt; (3) improperly relied on ex parte information from the support enforcement unit and from the plaintiff; (4) improperly implemented a support enforcement statute and an associated form which are unconstitutional; and (5) failed to grant the defendant appropriate credits as an offset against the payments for which he was obligated.

Because the record is insufficient for us to address the first four of these issues, they warrant only summary treatment. It is the appellant who bears the responsibility of providing for this court a record that will enable us to undertake a proper review of the claims on appeal. *In re Final Grand Jury Report Concerning the Torrington Police Department,* 197 Conn. 698, 714–15, 501 A.2d 377 (1985); *State v. One 1977 Buick Automobile,* 196 Conn. 471, 480, 493 A.2d 874 (1985); *Barra v. Ridgefield Card & Gift Gallery, Ltd.,* 194 Conn. 400, 407–408, 480 A.2d 552 (1984).[2]

The defendant's claim of judicial bias must fail because he did not file a motion for disqualification in

---

[2] Although the defendant appears in this appeal pro se, he is himself an attorney and was represented by counsel during the contempt proceedings.

the trial court. We have repeatedly refused to consider claims of trial court bias in the absence of such a motion. *Timm* v. *Timm,* 195 Conn. 202, 203–205, 487 A.2d 191 (1985); *Krattenstein* v. *G. Fox & Co.,* 155 Conn. 609, 616, 236 A.2d 466 (1967); *State* v. *Kohlfuss,* 152 Conn. 625, 631, 211 A.2d 143 (1965). The fact that a trial court rules adversely to a litigant, even if some of these rulings were to be determined on appeal to have been erroneous, does not demonstrate personal bias. *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 192 Conn. 1, 8, 469 A.2d 778 (1984). The defendant attributes to bias the court's denial of his motion for a continuance on the day the contempt motion was first scheduled to be heard. Since the court did not persist in its denial, and in fact rescheduled the hearing in accordance with the defendant's request, its momentary refusal of the defendant's request was entirely harmless. Unlike the circumstances presented by *Cameron* v. *Cameron,* 187 Conn. 163, 168–71, 444 A.2d 915 (1982), nothing on the face of this record demonstrates such a miscarriage of justice as would warrant a finding of plain error in the trial judge's failure to recuse himself sua sponte.

The defendant's next claim, that the trial court was *required* to consider the motion for modification jointly with the motion for contempt finds support neither in the statute; General Statutes § 46b-8; nor in the record, which contains no information about the date of the filing of the motion for modification. The defendant does not argue that the mere fact that a temporary modification was subsequently ordered in and of itself impairs the validity of the prior judgment of contempt.

The record similarly fails to demonstrate in what manner, if any, the trial court misused alleged ex parte communications. The record does not show that the court held any conferences or received any materials that in any way prejudiced this defendant. The defend-

ant's brief contains no such citations, and the transcript of the trial court proceedings contains no such information.

Finally, the record contains nothing to indicate that the defendant's constitutional claims concerning the validity of a support enforcement statute; General Statutes § 46b-180; were ever raised in the trial court. Under Practice Book § 3063, these claims need not be considered. *Sands* v. *Sands,* 188 Conn. 98, 106, 448 A.2d 822 (1982), cert. denied, 459 U.S. 1148, 103 S. Ct. 792, 74 L. Ed. 2d 997 (1983); *Roche* v. *Fairfield,* 186 Conn. 490, 505, 442 A.2d 911 (1982); *State* v. *Packard,* 184 Conn. 258, 271, 439 A.2d 983 (1981); *Burritt Mutual Savings Bank* v. *Tucker,* 183 Conn. 369, 377, 439 A.2d 396 (1981); *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 181 Conn. 607, 609, 436 A.2d 1259 (1980).

The record does permit review of the defendant's claim that the trial court, *Landau, J.,* should have recognized various payments allegedly made by the defendant as offsets to his liability to the plaintiff for alimony and child support. At the contempt hearing held on September 25, 1984, the defendant conceded that he had failed to pay $2800 in alimony and child support to the support enforcement unit over a period of several months in violation of a court order. He testified, however, that during the period in which the arrearages had accrued, he had made several direct payments in support of his children, expecting that these payments would be applied to offset amounts that he was required to pay to the support enforcement unit.[3] He also told the court that the plaintiff had agreed

---

[3] The defendant testified that he had paid $50 for the medical treatment of one of his children, $25 to enroll his son in a youth organization, and $50 for football equipment. He also maintained that he paid for several haircuts for his children and for other, unspecified expenses incurred by his children.

to forgive a portion of the amount he owed. Accordingly, he asked the court to subtract these items from his arrearages.

Following the hearing, the trial court issued an order that held the defendant in contempt, found arrearages of $2800, set a schedule of payments for the defendant, and provided for the defendant's incarceration in the event that he failed to abide by the schedule. In explaining its decision, the trial court noted that it had not "give[n] any credit" to the defendant's testimony about his alleged offsetting payments and that, therefore, it had not reduced the defendant's arrearages.[4] On appeal, the defendant argues that, because no evidence adduced at trial contradicted his testimony, the trial court was obligated to accept his statements and to reduce his arrearages by the amount of the offsetting payments.[5] We disagree.

The trial court is not bound by the uncontradicted testimony of any witness. *Acheson* v. *White,* 195 Conn. 211, 217, 487 A.2d 197 (1985); *Barrila* v. *Blake,* 190 Conn. 631, 639, 461 A.2d 1375 (1983); *Friedson* v. *Westport,* 181 Conn. 230, 233, 435 A.2d 17 (1980); *Stanton* v. *Grigley,* 177 Conn. 558, 563, 418 A.2d 923 (1979). In evaluating such testimony, the trial court must assess the credibility of the testifying witness and con-

---

[4] The trial court stated: "He can testify all he wants, he paid $25 to this person and $50 to this person but it's not going to mean anything. That's why we pay it right to the Support Bureau."

[5] In pursuing this claim, the defendant does not challenge the trial court's underlying finding of contempt. He only questions the amount that the trial court ordered him to pay. Even if the trial court had credited the defendant's alleged offsets against the amount he owed the plaintiff, substantial arrearages would have remained.

At oral argument before this court, the defendant alluded to certain alleged irregularities in the procedure that the trial court employed in conducting the contempt hearing. Because the defendant has not raised this issue in his brief, we do not discuss it here. See *State* v. *Wright,* 197 Conn. 588, 595, 500 A.2d 547 (1985); *Varley* v. *Varley,* 170 Conn. 455, 457, 365 A.2d 1212 (1976).

sider the presence or absence of corroborating evidence. Since the trial court as the finder of fact is uniquely competent to determine the credibility and weight to be accorded to evidence, the scope of our review of the trial court's decision to accept or reject the defendant's uncontradicted testimony is limited. After considering the totality of the record in the light most favorable to sustaining the trial court's factual conclusions, we will disturb the trial court's findings only if we determine that they are clearly erroneous. See Practice Book § 3060D; *Fairfield County National Bank* v. *DeMichely,* 185 Conn. 463, 465–66, 441 A.2d 569 (1981); *Superior Wire & Paper Products, Ltd.* v. *Talcott Tool & Machine, Inc.,* 184 Conn. 10, 17, 441 A.2d 43 (1981); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980); see also *State* v. *Braxton,* 196 Conn. 685, 691, 495 A.2d 273 (1985); *State* v. *Cimino,* 194 Conn. 210, 211, 478 A.2d 1005 (1984).

In this case, the defendant presented no evidence to substantiate his claim that he had made offsetting payments and that his wife had agreed to relinquish her right to a portion of the amount he owed her.[6] Instead, he relied solely upon his own assertions to convince the trial court of the existence of the offsetting items. The trial court was able to observe the defendant's demeanor in making these statements and to judge his credibility. It was within that court's discretion to find that his unsupported allegations were insufficient to warrant a reduction in his arrearages. The trial court was not required to view the plaintiff's failure to present contradictory testimony as a concession that the defendant's claims of offsetting items were valid. Throughout the proceeding, the plaintiff persisted in her position that the defendant owed her the full

---

[6] The appellate record contains no exhibits documenting the defendant's claim.

amount of his arrearages. Consequently, in light of this record, we cannot say that the trial court's decision to give no credence to the defendant's statements was clearly erroneous.

There is no error.

In this opinion the other judges concurred.