[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
The plaintiff an alleged condominium association seeks payment of delinquent common charges and assessments from the defendants who are unit owners. Although the plaintiff requested a foreclosure of its claimed statutory lien, at the request of the plaintiff the matter, was bifurcated and tried only as to the issue of liability because the defendants have in effect denied all of the essential elements of the complaint.
The plaintiff alleges that it is an association recognized under Chapter 828 of the Connecticut General Statutes that it is owed common charges and assessments from the defendants and have a statutory lien under Section 47-258 of the C.G.S. in connection with the monies due to it. The defendants appeared pro se and have filed an answer denying these allegations except the allegation that they own a unit within the complex. They also have filed an "Special Defense" in which they allege that the plaintiff has no legal right to make assessments and other allegations which question the plaintiff's right to pursue the claims asserted here.
The only evidence proffered by the plaintiff as to the allegations contained in the complaint was the testimony of Feisal Shariff who was employed by the management company hired to manage the condominium complex. It was his testimony that the plaintiff was the duly authorized association and that the plaintiff had the right to assess and collect condominium charges and assessments. Other than the fact he was employed by the plaintiff no other evidence was introduced as to his qualifications to testify as to these legal conclusions. The court does not find that this lay witness possessed the expertise to opine on these matters. Varly v. Varly 189 Conn. 490. This testimony standing alone without any additional and supporting evidence was insufficient to establish that the plaintiff was the "association" authorized to bring this action. It is the plaintiff's burden to produce sufficient and credible evidence proving its allegations by a fair preponderance. Nikitiuk vPishtey 153 Conn. 548. The plaintiff has not sustained it's burden. The court finds that the plaintiff has not proved the allegations of the complaint by a fair preponderance of the CT Page 6561 evidence and therefore will render judgement on behalf of the defendants.
PELLEGRINO, (J)