[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S APPEAL FROM FAMILY SUPPORT MAGISTRATE DATED AUGUST 30, 1991
This appeal was argued before this court wherein the Attorney General appeared for the State in the person of Wilbur Dinegar and Kevin Boyle, Special Public Defender, appeared for the defendant.
The case comes to this court under Connecticut General Statutes 46b-231n. It appears that the jurisdictional requirements of the appeal section have been satisfied. It is clear that the superior court may affirm the decision of the family support magistrate or remand the case for further proceedings. The superior court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of the decision of the family support magistrate in certain particular ways. It appears the appeal is within 46b-231 (7)(a) and (c). Section (a) provides ". . .in violation of constitutional or statutory provisions. . . ." and (c) provides ". . . made upon unlawful procedure. . . ."
It is clear that on August 8, 1991, the defendant Walker appeared before Magistrate Miller and there was an arrearage to the State of Connecticut of $47,708.00. He had been ordered from August 1st, 1991, to make a lump sum payment of $500.00 by the August 8th proceedings. When he failed to make that payment, the court, on page four of the transcript, said as follows:
 You now have counsel. You're in contempt of court. Step over there. You're in contempt of court.
After much colloquy back and forth between the CT Page 9566 magistrate, the defense counsel and Ms Starks, the bottom line was that the case was continued until August 29th. It is clear that on August 8th, 1991, no motion or modification had been made to the superior court in compliance with the rules of practice.
The transcript of August 29th, 1991, indicates that no motion for modification had been made to the superior court under the rules of practice. In fact, what is clear from the file is that an application for hearing and notice was signed by the clerk of the court on August 29th, 1991, and said motion was set down for September 27th, 1991. Therefore, that order for notice in hearing had not been served and filed in the court as is required of motions. In fact, the file indicates that the motion for modification was not filed until September 17th, 1991, at 3:16 p. m. Therefore, there was no motion for modification before Magistrate Miller on either August 8th or August 29th, 1991.
It is further clear that the requirement of 46b-8
requires that the motion for modification and the motion for contempt be held concurrently when the motion for contempt is pending. It was not pending on August 29th, 1991, since all that was left to do was to enforce the magistrate's order of August 8th finding him in contempt. He was already found in contempt and all that was left to do was to execute on the contempt.
In fact, it is clear that from August 1st until August 17th, Mr. Walker was working and made no payments towards the $500.00. Any material or substantial change in circumstance of the judge's order took place after the defendant had been found in contempt of the order; therefore, any modification of the order would be prospective only and not retroactive to the finding of contempt on August 8th of 1991.
Ballantine's Law Dictionary, 3d Edition, states that pending is "undecided; in suspense." It further says that a pending action is "an action which has been commenced and has not been terminated by a final judgment or order." In this case a final order was entered; that he pay the $500.00 by August 29th.
Adding further authority to this case is the matter of Beiluch [Bieluch] v. Beiluch [Bieluch], 199 Conn. 550 at 553, the court said:
 The defendant's next claim, that the trial court was required to consider the motion for modification jointly with the motion for contempt finds support neither in the CT Page 9567 statute; Connecticut General Statutes 46b-8; nor in the record which contains no information about the date of the filing of the motion for modification. . . .
Bieluch seems to say that you do not have to have the hearing jointly with the motion for contempt. What Bieluch does say is that it is clear that the record must contain information about the date of the filing of the motion for modification. This decision further reinforces the aforementioned reasoning. Section 464 of the Practice Book is not helpful to the appellant's position.
In this court's opinion it is clear that if a motion for modification is filed while a contempt motion is pending it should be heard at the same time. There is reason for judicial economy and the opportunity for the court to do equity.
In this case this court finds that the motion for contempt was not pending on August 29, 1991 nor was the motion for modification. It was reasonable to hear the motion for modification at the later date of September 22d 1991. Accordingly, the appeal from the decision of Magistrate Miller is dismissed. This case is referred to the magistrate for further proceedings consistent with this decision.
EDWARD R. KARAZIN, JR., JUDGE