JAMES VANICKY *v.* SUSAN VANICKY
(AC 32012)

DiPentima, C. J., and Lavine and Alvord, Js.

Submitted on briefs March 11—officially released April 26, 2011

*Sandi B. Girolamo* and *Pamela M. Magnano* filed a brief for the appellant (defendant).

*Stephanie M. Weaver* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Susan Vanicky, appeals from the judgment of the trial court dissolving her marriage to the plaintiff, James Vanicky. She claims that the court abused its discretion by (1) awarding attorney's fees to the plaintiff and (2) allowing the plaintiff to retain a piece of unimproved land at 42 Ballyhock Road in West Cornwall (property). We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of the defendant's appeal. The parties were married on August 8, 1998, in Litchfield. There are no minor children issue of the marriage. The plaintiff commenced this action seeking dissolution of the marriage alleging irretrievable breakdown. The court heard testimony over two days, December 3 and 4, 2009. In its written decision, issued on February 4, 2010, the court stated that it "listened to and observed the witnesses and reviewed the exhibits. In addition,

the court has carefully considered the criteria set forth in General Statutes §§ 46b-62, 46b-81 and 46b-82, in reaching the decision reflected in the orders . . . ." The court found that the plaintiff, who had a high school diploma, earns approximately $47,000 annually as a laborer for the town of Cornwall, as well as "some money" from seasonal mowing and landscaping, while the defendant, who holds a master's degree, earns approximately $71,000 annually as a teacher, as well as "a small additional amount" from gardening.

The court further concluded that the parties generally maintained their own separate bank accounts and credit cards, and that neither party owned any real estate at the time of their marriage. The only real estate acquired during the parties' marriage was the property, which was gifted to the plaintiff by John Goodrich. The court stated that "Goodrich credibly testified that the transfer [of the property] was not intended to include the defendant." The court also discussed the parties' allegations of infidelity, and found that the plaintiff credibly denied any extramarital affairs, while the defendant's denial was not credible. The court acknowledged that the defendant's credibility as to her own financial position and her challenge to the plaintiff's financial position was undermined by her failure to report almost $30,000 in assets on her financial affidavit.

In light of these findings, the court ordered, inter alia, judgment of dissolution and that each party retain his or her own assets, debts, automobiles and retirement accounts. On appeal, the defendant challenges the court's additional orders that she pay the plaintiff $5000 in attorney's fees and that the plaintiff retain sole ownership of the property.[1]

---

[1] The court also ordered that the defendant pay expert witness fees and that the parties file a joint 2009 income tax return. Both of these orders were at issue in the defendant's preliminary statement of the issues but have since been resolved and are not relevant to this appeal.

"[T]he standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . It is within the province of the trial court to find facts and draw proper inferences from the evidence presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action." (Internal quotation marks omitted.) *Tuckman* v. *Tuckman*, 127 Conn. App. 417, 420–21, 14 A.3d 428 (2011).

General Statutes § 46b-62[2] authorizes the trial court to order payment of attorney's fees in dissolution actions. "Whether to allow counsel fees [under §§ 46b-62 and 46b-82], and if so in what amount, calls for the exercise of judicial discretion. . . . An abuse of discretion in granting counsel fees will be found only if [an appellate court] determines that the trial court could not reasonably have concluded as it did." (Internal quotation marks omitted.) *Kunajukr* v. *Kunajukr*, 83 Conn. App. 478, 489, 850 A.2d 227, cert. denied, 271 Conn. 903, 859 A.2d 562 (2004).

With respect to the property award, "[t]rial courts are empowered to deal broadly with property and its equitable division incident to dissolution proceedings." (Internal quotation marks omitted.) *Martin* v. *Martin*,

---

[2] General Statutes § 46b-62 provides in relevant part: "In any [dissolution of marriage] proceeding seeking relief under the provisions of this chapter . . . the court may·order either spouse . . . to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82 . . . ."

The criteria set forth in § 46b-82 include, inter alia, consideration of "the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties . . . ."

99 Conn. App. 145, 154, 913 A.2d 451 (2007). Section 46b-81 (a) provides in relevant part: "At the time of entering a decree annulling or dissolving a marriage . . . the Superior Court may assign to either the husband or wife all or any part of the estate of the other . . . ." Under § 46b-81 (c)[3] the court must consider the same factors considered in the award of attorney's fees under §§ 46b-62 and 46b-82, and "[t]he court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

In reaching its decision in the present case, the court properly considered the credibility of the parties, the evidence before it and the criteria set forth in the relevant statutes.[4] It found that the plaintiff (1) earns significantly less income as a laborer, (2) had achieved a lower level of education, (3) credibly denied infidelity and (4) acquired the property as a gift. In contrast, the court was not convinced of the defendant's credibility as to her financial position because she failed to report almost $30,000 in assets on her financial affidavit, or in her denial of an extramarital affair. In light of the foregoing, we cannot conclude that the court abused its discretion in ordering the defendant to pay the plaintiff

[3] General Statutes § 46b-81 (c) provides: "In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

[4] The court need not give each factor equal weight or recount every factor in its decision as long as the decision reflects a proper consideration and a weighing of the statutory factors. See Puris v. Puris, 30 Conn. App. 443, 449–50, 620 A.2d 829 (1993).

$5000 in attorney's fees[5] or in awarding the property to the plaintiff.

The judgment is affirmed.

---

[5] The defendant claims that the court abused its discretion by awarding attorney's fees when it did not award alimony, citing *Murphy* v. *Murphy*, 180 Conn. 376, 381, 429 A.2d 897 (1980). That case is inapposite. In the present case, alimony was not an issue before the trial court, and the court made no specific findings as to the application of the evidence to alimony. See *Cook* v. *Bieluch*, 32 Conn. App. 537, 545–47, 629 A.2d 1175, cert. denied, 228 Conn. 910, 635 A.2d 1229 (1993).

The defendant also relies on *Koizim* v. *Koizim*, 181 Conn. 492, 501, 435 A.2d 1030 (1980), in which the court stated that "[w]here, because of other orders, both parties are financially able to pay their own counsel fees they should be permitted to do so." We are not persuaded that the holding in *Koizim* illustrates that the court abused its discretion under the facts of the present case. See, e.g., *Misthopoulos* v. *Misthopoulos*, 297 Conn. 358, 386–88, 999 A.2d 721 (2010) (awarding attorney's fees necessary).